1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2      Including Professional Corporations
    JENNIFER G. REDMOND, Cal. Bar No. 144790
3   jredmond@sheppardmullin.com
    Four Embarcadero Center, 17th Floor
4   San Francisco, California  94111-4109
    Telephone:   415-434-9100
5   Facsimile:   415-434-3947

6
    Attorney for Defendants
7   COMERICA BANK, CATHY HEDGES, and
    JOHN FITZGERALD
8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11

12  SOL OQUENDO, an individual, and          Case No. _____
    KENNETH EDMONSON, an
13  individual,                              [San Mateo Superior Court Case No.
                                             CIV532321]
14                    Plaintiffs,
                                             **NOTICE OF REMOVAL OF
15          v.                               ACTION PURSUANT TO 28 U.S.C.
                                             §§ 1331 and 1441(a) and (c)
16  COMERICA BANK, a Texas                   (FEDERAL QUESTION
    Corporation; CATHY HEDGES, an            JURISDICTION)**
17  individual; JOHN FITZGERALD, an
    individual; and DOES 1 through 20,
18                                           [State Court Complaint filed
                      Defendants.            January 30, 2015, and amended on
19                                           March 5. 2015]

20

21

22

23

24

25

26

27

28

TO THE CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendants COMERICA BANK, CATHY HEDGES, and JOHN FITZGERALD (collectively, "Defendants") hereby remove the matter of *Sol Oquendo et al. v. Comerica Bank et al.*, pending in the Superior Court of the State of California in and for the County of San Mateo, Case No. CIV532321, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1331, 1441(c) and 1446.

This is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and is one which may be removed to the Court by Defendants pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1441(c) because the Complaint poses a federal question. The following is a short, plain statement of the grounds for removal, and a listing of pleadings.

## BASIS FOR REMOVAL – FEDERAL QUESTION

1.    On January 30, 2015, Plaintiffs Sol Oquendo and Kenneth Edmonson (collectively "Plaintiffs") filed a complaint in San Mateo Superior Court against Defendants. Plaintiffs never served Defendants with the original Summons and Complaint. A true and correct copy of the Complaint, Summons, and Civil Case Cover Sheet are attached hereto as Exhibit A.

2.    On March 5, 2015, Plaintiffs filed a First Amended Complaint for Damages. A true and correct copy of that order is attached hereto as Exhibit C. The First Amended Complaint asserted, *inter alia*, a second cause of action for alleged violation of the Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq.* The First Amended Complaint also alleges a third cause of action for "denying

1  and/or interfering with Plaintiffs' right to family medical leave" in "violation of the
2  29 U.S.C. § 2601 *et seq.*"  A true and correct copy of the First Amended Complaint,
3  Summons, and Civil Case Cover Sheet are attached hereto as Exhibit B.

5        3.      The First Amended Complaint was served on defendant
6  Comerica Bank on March 9, 2015.  Defendants John Fitzgerald and Cathy Hedges
7  have not yet been served with the First Amended Complaint.  A true and correct
8  copy of the Proof of Service is attached hereto as Exhibit C.

10       4.      The Defendants filed an Answer to the First Amended Complaint
11  on April 6, 2015.  A true and correct copy of the Answer is attached hereto as
12  Exhibit D.

14       **THE COURT HAS FEDERAL QUESTION JURISDICTION**

16       This Court has original jurisdiction over this case because federal
17  question jurisdiction exists under 28 U.S.C. § 1331, in that:

19       5.      Pursuant to 28 U.S.C. Section 1441, United States District
20  Courts "shall have original jurisdiction of all civil actions arising under the
21  Constitution, laws, or treaties of the United States."  Here, Plaintiffs have asserted in
22  the First Amended Complaint a cause of action arising under the FMLA.[1]  Plaintiffs
23  have also asserted a cause of action for denial or interference with Plaintiffs' rights
24  under the FMLA.[2]  Accordingly, Plaintiffs have asserted a claim "arising under the
25  . . . laws of the United States."

---

[1]  First Amended Complaint, ¶¶ 60-68.
[2]  First Amended Complaint, ¶¶ 69-73.

6.      This Court has supplemental jurisdiction over all other claims asserted by Plaintiffs, pursuant to 28 U.S.C. § 1367(a) and 28 U.S.C. § 1441(c). When a defendant removes a lawsuit that joins both federal and state law claims, the district court may exercise supplemental jurisdiction over the state law claims if those claims "form part of the same case or controversy." 28 U.S.C. § 1367(a). Here, both Plaintiffs' federal and state claims arise from a central contention that Defendants allegedly discriminated against, harassed and retaliated against Plaintiffs for exercising their rights under the FMLA.  Accordingly, supplemental jurisdiction is appropriate.

## THIS NOTICE OF REMOVAL IS PROCEDURALLY CORRECT

7.      Defendants have filed this Notice of Removal pursuant to 28 U.S.C. § 1446(b) in a timely fashion (i.e., within 30 days of the effectuation of service on Defendants of the First Amended Complaint).  Specifically, Comerica Bank was served with the First Amended Complaint on March 9, 2015, and Defendants are filing this notice within 30 days of its service.

8.      Pursuant to 28 U.S.C. § 1446(a), Defendants are filing this Notice of Removal in the U.S. District Court for the Northern District of California located in San Francisco or Oakland.  Because the state court action is pending in the California Superior Court for San Mateo County, this is the proper district for removal.

9.      Pursuant to 28 U.S.C. § 1446(b) and Federal Rules of Civil Procedure 6 and 81(c), Defendants are filing this Notice of Removal within the time permitted for removal of complaints (i.e., within 30 days of the effectuation of service on Comerica Bank of Plaintiffs' First Amended Complaint, the first and only

-3-

complaint that Plaintiffs served on Comerica).  *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322, 1329 (1999) (holding that 30-day deadline for removal runs from date of service).

10.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served on Plaintiffs' counsel and filed with the Superior Court of the State of California, County of San Mateo.

11.    In accordance with the requirements of 28 U.S.C. § 1446(a), a copy of the Complaint, the First Amended Complaint, the Answer, and all other papers served in the State Court Action as of the filing of this Notice of Removal are attached hereto.

WHEREFORE, Defendants remove the original action brought by Plaintiffs, now pending in the Superior Court of the State of California in and for the County of San Mateo, to this Court.

Dated:  April 7, 2015

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
JENNIFER G. REDMOND

Attorney For Defendants
COMERICA BANK, CATHY HEDGES, and
JOHN FITZGERALD

# EXHIBIT A

1 | Ilona Brusil (SBN 244723)
2 | Tanya Gomerman (SBN 271834)
  | Mikalai Hroshau (SBN 279303)
3 | 601 Van Ness Ave., Suite 2052
  | San Francisco, CA 94102
4 | Tel: (415) 775-1793
  | Fax. (415) 660-1999
5 |

**FILED**
**SAN MATEO COUNTY**

JAN 3 0 2015

Clerk of the Superior Court
By _____
DEPUTY CLERK

6 | Attorneys for Plaintiffs Sol Oquendo and Kenneth Edmonson

7 |

8 | **SUPERIOR COURT OF CALIFORNIA**

9 | **IN AND FOR SAN MATEO COUNTY**

10 |

11 |

| | |
|---|---|
| 12 SOL OQUENDO, an individual, and | Case No.: **CN 5 3 2 3 2 1** |
| 13 KENNETH EDMONSON, an individual, | **COMPLAINT FOR DAMAGES** |
| 14 Plaintiffs, | 1. Employment Discrimination: Disability/Medical Condition; |
| 15 | 2. Violations of the FMLA; |
| 16 vs. | 3. FMLA/CFRA Discrimination; |
| 17 | 4. Retaliation; 5. Failure to Prevent Discrimination/Harassment |
| 18 COMERICA BANK, a Texas Corporation; Cathy Hedges, an individual; John | 6. Wrongful Termination in Violation of Public Policy; |
| 19 Fitzgerald, an individual; and DOES 1 through 20, | 7. Constructive wrongful termination in violation of public policy |
| 20 Defendants. | 8. Violations of Business & Professions Code Section 17200; |
| 21 | 9. Claim for Declaratory/Injunctive Relief |
| 22 | |
| 23 | **DEMAND FOR JURY TRIAL** |
| 24 | |

BY FAX

25 |

26 | 1.   Plaintiffs  SOL OQUENDO and KENNETH ADMONSON (hereinafter,

27 | "Plaintiffs") complain of Defendants COMERICA BANK, a Texas Corporation

28 | (hereinafter, "Defendant" or "Comerica"); CATHY HEDGES, an individual; JOHN

FITZGERALD, an individual; and Does 1 through 20, and each of them (collectively,

"Defendants"), for damages and allege as follows:

## NATURE OF ACTION

2.    This is civil rights case involving discriminatory, harassing, abusive, and retaliatory conduct of Defendants against Plaintiffs because of Plaintiffs' physical disability, mental disability, medical condition and/or perceived disability, and exercising their right to family medical leave.

3.    These acts render Defendants in violation of California's Fair Employment and Housing Act, Family and Medical Leave Act, California Family Rights Act and California Business & Professions Code.

4.    As a direct consequence of Defendants' discriminatory acts, Plaintiffs have suffered economic, consequential and other damages, all to their detriment. Defendants' actions and inactions forced Plaintiffs to hire attorneys and file suit, and incurred substantial attorney's fees and costs.

## JURISDICTION AND VENUE

1    Plaintiff SOL OQUENDO was employed by Defendant COMERICA in South San Francisco Branch, San Mateo County, California, and therefore venue is proper herein.

2.    Plaintiff KENNETH EDMONSON was employed by Defendant COMERICA in Millbrae Branch, San Mateo County, California, and therefore venue is proper herein.

3.    Jurisdiction is proper because Defendants reside in the state of California, have offices in this state, and each conduct substantial amount of business in California, and, thus, purposefully availing themselves of the laws of this state.

4.    The substantial majority of the acts complained of occurred in San Mateo County and, thus, venue is proper.

5.    The amount in controversy exceeds $25,000.00.

## INTRODUCTION

6.    This action is brought by the named Plaintiffs against Defendants

- 2 -

COMERICA Bank., a Texas corporation, ("Comerica"), and JOHN FITZGERALD and CATHY HEDGES, Defendants' managerial employees, (hereinafter referred to collectively as "Defendants").

7.      During the relevant time period, Defendants had a significant presence in the banking industry. Defendants operated branch locations throughout the United States and beyond the U.S. boarders. Defendants employed Plaintiffs to provide financial services to its customers.

8.      Plaintiffs are informed and believe and thereon allege that Defendants engaged in the systematic practice of discriminating and retaliating against disabled employees. Plaintiffs are informed and believe that Defendants' actions toward them were in violation of Americans with Disabilities Act (ADA), Family Medical Leave Act (FMLA), California's Fair Employment and Housing Act (FEHA) and California Family Rights Act (CFRA), and in violation of California Business and Professions Code Sections 17200 et seq., as set forth with more particularity herein after.

9.      Moreover, Defendants wrongfully terminated Plaintiffs in violation of their employment agreement, forced them to quit based on untrue and dishonest reasons and in a manner wholly contrary to Comerica's own policies and procedures.

10.     The claims alleged by Plaintiffs are based primarily on California counter-part of federal statute. The laws violated by Defendants are set forth in detail in the allegations below.

11.     As a direct consequence of Defendants' unlawful acts, Plaintiffs have suffered economic, consequential and other damages, all to their detriment. Defendants' actions and inactions forced Plaintiffs to hire attorneys and file suit and, therefore, incur substantial attorney's fees and costs. Further, Plaintiffs seek damages and declaratory and equitable relief in the form of restitution.

## PARTIES

12.     Plaintiff Sol Oquendo is and at all relevant times was a citizen of the State

- 3 -

of California, and was employed by Defendants in the San Mateo County, as more fully described below. Ms. Oquendo was employed to provide management and leadership skills to the customers and employees of Defendants' branch locations. The last office where Ms. Oquendo was employed was located at 401 Grand Avenue, South San Francisco, California Ms. Oquendo was employed in a position commonly referred to as banking center manager.

13.    Plaintiff Kenneth Edmonson is and at all relevant times was a citizen of the State of California, resident of San Joaquin County, and was employed by Defendants in the San Mateo County, as more fully described below  Mr. Edmonson was employed to provide management and leadership skills to the customers and employees of Defendants' Millbrae branch, located at 49 El Camino Real, Millbrae, California. Mr. Edmonson was employed in a position commonly referred to as banking center manager.

14.    Plaintiffs are informed and believe and thereon allege that for all relevant purposes, including a finding of liability and payment of damages or restitution, Comerica Bank was the employer or joint employer of the Plaintiffs and is an "employer" as that term is defined by Cal Government Code §§ 12926 and 12940.

15.    Plaintiffs are further informed and believe and thereon allege that Defendant John Fitzgerald was a "managing agent" for one or more of Comerica entities and is an "employer" as that term is defined by Cal. Government Code §§ 12926 and 12940.

16.    Plaintiffs are further informed and believe and thereon allege that Defendant Cathy Hedges was a "managing agent" for one or more of Comerica entities and is an "employer" as that term is defined by Cal. Government Code §§ 12926 and 12940.

17.    Defendant Comerica is licensed to do business in California.  Defendants were at all times doing business through the State of California and had branches located throughout California.  Plaintiffs are informed and believe and thereon allege that the practices and policies complained off were enforced throughout the State of California, including San Mateo County.

18.    The true names and capacities, whether individual, corporate, associate or

- 4 -

otherwise, of Defendants DOES 1 through 20, are unknown to Plaintiffs, who therefore sue said defendants by such fictitious names.  Plaintiffs will amend this Complaint by inserting the true names and capacities of each such defendant, with appropriate charging allegations, when they are ascertained  Plaintiffs are informed and believe and thereon allege that each of the Defendants designated herein as "DOE" is responsible under the law in some manner for the injuries suffered by Plaintiffs and for damages proximately caused by the conduct of each such Defendant, as herein alleged.

19.    Defendants have such a unity of interest and ownership that the separate personalities do not in reality exist and that the corporate structure is just a shield for the alter ego of each other.  Inequity will result if the acts in question are treated as those of one of these Defendants over the other and therefore these entities and Does 1 through 20 should be held collectively liable for the acts complained of herein.

20.    At all times herein mentioned, each of the individual Defendants were the agents, managing agents, servants and employees of the remaining Defendants, and each of them, and at all times herein mentioned, was acting within the course and scope of said agency, service and employment

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

21    Plaintiff Kenneth Edmonson timely filed charges of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) and/or California Department of Fair Employment and Housing (DFEH) which issued the requisite "Right-to-Sue" letter on January 30, 2014.

22.    Plaintiff Sol Oquendo timely filed charges of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) which issued the requisite "Right-to-Sue" letter/Notice of Rights on March 5, 2014.

## GENERAL ALLEGATIONS

23.    Plaintiffs are informed and believe and thereon allege that Defendants engaged in the systematic practice of discriminating and retaliating against disabled employees.  Defendants implemented policies and practices that targeted employees who

- 5 -

executed their right to FMLA/disability leave  Plaintiffs were unlawfully denied and/or restricted their rights to FMLA/disability leave, where subject to excessive monitoring, supervision and scrutiny, and disciplined. Defendants created a hostile work environment for disabled employees, like Plaintiffs, and forced them to resign or terminated them under the pretext of failure to comply with performance requirements. ·

### FACTS SPECIFIC TO SOL OQUENDO

24.    At all relevant times herein, Plaintiff was an employee over the age of forty (40) that suffered from an actual or perceived physical disability and medical condition. At the time of termination Plaintiff was 62-years-old.

25.    Plaintiff worked for Defendants since 10/16/2006.  Plaintiff was hired to open a new banking center in South San Francisco for the Defendant Comerica.  Her position was Banking Center Manager and paid about $85,000 annually.   Plaintiff remained in that position until she was forced to resign on or about April 1, 2013.

26.    Her performance was exemplary, and Plaintiff was transferred from South San Francisco center to the Embarcadero branch of the Defendant, in San Francisco, in or about 2009.

27.    In or about 2009, Defendant John Fitzgerald became a new Regional Manager and Plaintiff's immediate supervisor.

28    Plaintifff had a history health problems which she self-reported to the Defenants, including Defendant Fitzgerald and the Director of Human Resources, Ms. Julie Head.  Plaintiff was a cancer survivor after bilateral mastectomy, and had to undergo regular mammograms and check-up visits.  Plaintiff also suffered injury to her left leg and had physical limitations on lifting, bending, climbing stairs, sitting, standing, and walking (i.e. limping).  Her diagnoses also included high blood pressure, Diabetes, and sleep apnea which caused her feeling shaky, fainting, anxious, having raving. thoughts, poor concentration, and depression.  All of these ailments, known to Defendants, constitute a "serious health condition" under CFRA and a qualifying disabilities under FEHA.

29.    Since 2011, Plaintiff Oquendo was routinely harassed because of her

- 6 -

medical needs. For instance, Plaintiff could not sit or stand without pain during management meetings and was limping while walking. Despite his knowledge of Plaintiff's medical conditions, Defendant Fitzgerald did not offer her any accommodations. Rather, he transferred Plaintiff back to South San Francisco location, stating that "Embarcadero is too high end for [Plaintiff]." He also commented that "this is the branch [Plaintiff] will retire from." At the time, Plaintiff did not consider retirement, and found these comments extremely offensive.

30.    Throughout her employment with Defendants, Plaintiff's disability was never properly accommodated. In about January 2013, Plaintiff's health condition deteriorated due to high stress level. Plaintiff was transferred to the branch that had two employees instead of five: Plaintiff herself and another employee of the branch, Mary Santos. Plaintiff was forced to work six days per week for six months because until the vacant positions were filled, Plaintiff worked three positions: bank center manager, teller and new accounts banker. Defendants failed to engage in meaningful good faith interactive process to determine how to accommodate her. Defendants' failure to accommodate Plaintiff Moore caused her more injuries. At about the same time, Plaintiff was diagnosed with Diabetes and Sleep Apnea. Both conditions were again ignored by Defendants.

31.    In April 2013 Defendant John Fitzgerald told Plaintiff that she would be terminated unless Plaintiff chooses to "voluntary" resign. He further told Plaintiff that if she sends him an email to resign, he would let her work until May 30th, and the matter would be left "between us" in case she wanted to look for another job. Plaintiff did so.

32.    Plaintiff Oquendo believes that she was constructively terminated by Defendants because she had no reasonable alternative. Plaintiff Oquendo further believes that the termination was at least in part retaliation for asserting her rights to take a medical leave and/or because of her disabilities. Plaintiff Oquendo contends that Defendants' actions are a part of a well known pattern and practice of mistreating and terminating disabled employees

//

COMPLAINT FOR DAMAGES                                    CASE NO _____

## FACTS SPECIFIC TO KENNETH EDMONSON

33.    Plaintiff Edmonson believes that he was constructively terminated by Defendants because he had no reasonable alternative.  Plaintiff Edmonson further believes that the termination was at least in part retaliation for asserting his rights to take a medical leave and/or because of her disabilities  Plaintiff Moore contends that Defendants' actions are a part of a well-known pattern and practice of mistreating and terminating disabled employees.

34.    At all relevant times herein, Plaintiff Edmonson was an employee over the age of forty (40) that suffered from an actual or perceived physical disability and medical condition.

35.    Plaintiff Edmonson started his employment with Defendants on or around June 1, 2009, and worked as a Banking Center Manager in Millbrae office at 49 El Camino Real, Millbrae, California.  He remained in that position until his termination on January 31, 2013.  His last position paid about $79,400 annually.

36.    Plaintiff Edmonson had a history of health problems that were known to Defendants.  Beginning about January 2011, Plaintiff Edmonson developed and was diagnosed with sleep apnea, which he communicated to the District Manager and his immediate supervisor Cathy Hedges in a one-on-one meeting.   By then, he was already suffering from high blood pressure and was taking medication that caused dizziness, headaches and sleepiness.  Both disorders constitute a "serious health condition" under CFRA and a qualifying disability under FEHA.

37.    Plaintiff's disability was never properly accommodated.  Defendants failed to engage in meaningful good faith interactive process to determine how to accommodate him.  To the contrary, Defendants refused to consider his restrictions when Plaintiff expressly requested the change of shift hours to accommodate his travel limitations.  Beginning April 2011, Plaintiff was commuting 156 miles round trip each day from Manteca to Millbrae until his medical doctor restricted his driving, at which point Plaintiff started to take Altamont Corridor Express Train for commute.  Defendant Cathy Hedges refused to allow him to leave earlier to catch the last train even though

- 8 -

Plaintiff informed her that all his duties between 4:20 p.m. and 5:30 p.m. could be delegated to the Assistant Manager. Contrary to his doctor's orders, Defendant Hedges demanded that he stays until 5:30 p.m  On at least two occasions, Plaintiff was refused a transfer to a Defendant's location closer to his residence in Manteca.

38.    Defendants' failure to accommodate Plaintiff Edmonson caused him more injuries. Suffering from his ailments, combined with constant stress at work, Plaintiff was falling apart.   In or about February 2012, Plaintiff was placed on short-term disability by his doctor.

39.    Plaintiff Edmonson later learned that the opening became available in the Danville branch of Defendant Comerica while he was on disability. However, while on a leave of absence, Plaintiff had no access to the Defendant's computer system and was receiving no announcements. Defendant Hedges failed to inform Plaintiff of the opportunity even though transfer between Defendant's locations was a common business practice for the Defendants and several managerial employees were transferred "for the good of the region." The position was filled while Plaintiff Edmonson was on a medical leave.

40.    Despite the fact that Plaintiff Edmonson was still disabled and using BAPIP (Biphasic Positive Airway Pressure) for ventilation support, Plaintiff returned to work because he needed his job. Upon return to work, Plaintiff was disciplined and placed on a "performance improvement plan" (PIP) allegedly for violating Defendants' policy while he was on approved leave of absence. Defendant Hedges placed Plaintiff Edmonson on the final step of discipline, Final Written Warning, in violation of Defendant's own policy of progressive disciplinary process (oral warning for ninety days, then written warning for ninety days, then final written warning for ninety days, up to and including termination)

41.    Furthermore, when Plaintiff returned to work from his disability leave, he had no workstation setup and could not perform his job functions even though the management was aware of his return to work date.

42.    In May 2012, Plaintiff again learned that the position became available in

- 9 -

the Defendant's San Ramon branch, which was closer to his residence in Manteca, but Plaintiff Edmonson could not apply for it because he was ineligible for the transfer due to being placed on performance improvement plan. His medical condition continued to deteriorate due to stress and lengthy commute.

43.     Plaintiff's performance improvement plan was due to expire on December 10, 2012. In December 2012, Defendant Hedges informed Plaintiff Edmonson that he will be terminated. She further suggested that if Plaintiff submitted a voluntary resignation, he could keep his employment through the end of January 2013. Plaintiff's last day of employment was January 31, 2013

44.     Plaintiff Edmonson disputes that he violated any policies while he was on approved medical leave, and asserts that there was leave time and/or disability time that was or should have been available to her in lieu of any disciplinary measures.

45.     Plaintiff Edmonson believes that he was constructively terminated by Defendants because he was forced to resign and had no reasonable alternative. Plaintiff Edmonson further believes that the termination was at least in part retaliation for asserting his rights to take a medical leave and/or because of her disabilities. Plaintiff Edmonson contends that Defendants' actions are a part of a well-known pattern and practice of mistreating and terminating disabled employees.

**FIRST CLAIM FOR RELIEF**
**EMPLOYMENT DISCRIMINATION: DISABILITY/MEDICAL**
**CONDITION**
**(Cal. Gov. Code §12940(a))**
**(Against Defendant COMERCA, and DOES 1 through 20)**

46.     Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 49 of this Complaint. This claim is directed against Defendants COMERICA and Does 1 through 20 (collectively, "Defendants").

47.     At all times herein mentioned, California Government Code §§12926, 12926.1 and 12940 were in full force and effect and were binding upon Defendants. Section 12940 (a) prohibits an employer and any person from discriminating against any employee on the basis of physical disability, mental disability, medical condition or

- 10 -

perceived disability. This section provides that an employer will be subject to liability if it/he discharges an employee because of his/her disability.

48.     At all times during Plaintiffs tenure as employees of Defendants, when they were not exercising their protected right to medical leave, they were able to perform the essential functions of their position with reasonable accommodation.

49.     Defendants violated California Government Code §§12940 (a) with regard to Plaintiffs when it discriminated against Plaintiffs on the basis of the physical disability, mental disability, medical condition or perceived disability, and took other adverse employment actions against Plaintiffs on the basis of the physical disability, mental disability, medical condition or perceived disability.

50.     Plaintiffs are informed and believe that the motivating factor in Defendants' termination of Plaintiffs employment was their respective disability/medical condition  Additionally, Defendants refused to provide Plaintiffs with reasonable accommodation pursuant to medical doctor's requests. Such requests would not have imposed undue hardship on Defendants.

51.     Plaintiffs are informed and believe, and thereon allege that similarly situated employees who were not disabled were not subjected to the same discriminatory treatment

52.     Plaintiffs are informed and believe, and thereon allege that in addition to the practices enumerated in this Claim for Relief, Defendant has engaged in other discriminatory practices as alleged in this Complaint.

53.     As a direct, foreseeable and proximate result of Defendants' acts, Plaintiffs have suffered and continue to suffer substantial past and future economic losses and other employment and economic benefits and opportunities losses and other consequential and foreseeable damages and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiffs damage in an amount in excess of the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

- 11 -

54.     Because of Defendants conduct Plaintiffs were forced to retain attorneys to prosecute this action. Pursuant to the provisions of California Government Code §12965(b), Plaintiffs are entitled to reasonable attorney's fees and litigation expenses incurred in bringing this action.

55.     Defendants maliciously, fraudulently and oppressively committed the alleged despicable acts with the wrongful intent to injure Plaintiffs. Defendants have acted with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiffs' rights. Because alleged acts were carried out by managerial employees and /or "managing agents," acting in a deliberate, cold, callous and intentional manner, Plaintiffs are entitled to recover punitive damages from Defendants in an amount according to proof.

## SECOND CLAIM FOR RELIEF
### (Against Defendant COMERCA, and DOES 1 through 20)

56.     Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 59 of this Complaint. This claim is directed against Defendants COMERICA and Does 1 through 20 (collectively, "Defendant")

57.     Each Plaintiff was an eligible employee for the purposes of the FMLA.

58.     Each Plaintiff suffered from a serious medical condition.

59.     Each Plaintiff met all requirements for family medical leave under the FMLA.

60.     Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601 et seq. prohibits Defendants from interfering, restraining, discriminating or retaliating against an employee for exercising family medical leave rights, or denying an eligible employee's family medical leave. The FMLA further prohibits an employer from changing its FMLA policies without providing reasonable notice to the affected employees, and requires the employer to notify the employee of potential FMLA coverage.

61.     In acting as described above, Defendant violated the FMLA with regard to each named Plaintiff when it discriminated against each Plaintiff for asserting rights under the FMLA, retaliated against each Plaintiff by taking adverse employment actions

- 12 -

for Plaintiffs' exercise of rights under the FMLA, interfered with their family medical leave, restrained Plaintiffs' family medical leave, and disciplined and targeted each Plaintiffs' employment while each Plaintiff was on FMLA leave and in direct retaliation for Plaintiff exercising his/her rights under the FMLA and making internal complaints of FMLA violations. Defendant further failed to post necessary FMLA information in the workplace and/or provide any FMLA training to employees to explain their rights under the FMLA.

62.    As a direct, foreseeable and proximate result of Defendants actions and inactions, Plaintiffs have suffered and continues to suffer substantial past and future economic losses and other employment and economic benefits and opportunities and other consequential and foreseeable damages and have suffered and continue to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiffs damage in an amount in excess of the minimum jurisdiction of this Court, the precise amount of which will be proven at trial

63.    Because of Defendants conduct Plaintiffs were forced to retain attorneys to prosecute this action. Pursuant to the provisions of California Government Code §12965(b), Plaintiffs are entitled to reasonable attorney's fees and litigation expenses incurred in bringing this action.

64.    As a further direct and proximate result of Defendants' conduct, Plaintiffs seek interest, statutory damages, liquidated damages, equitable and/or injunctive relief, and any other relief that the Court deems fair and just.

### THIRD CLAIM FOR RELIEF
### FMLA/CFRA DISCRIMINATION
### (Against Defendant COMERCA, and DOES 1 through 20)

65.    Paintiffs re-allege and incorporate by reference Paragraphs 1 through 68 of this Complaint. This claim is directed against Defendants COMERICA and Does 1 through 20 (collectively, "Defendants").

66.    Defendants engaged in the above-described actions with the intent to harass and discriminate against Plaintiffs because of their need for FMLA and/or CFRA medical leave. Defendants' conduct in denying and/or interfering with Plaintiffs' right to

- 13 -

family medical leave is a violation of the 29 U.S.C. § 2601, et seq. and CFRA, Gov. Code § 12945.2(b)(2). Defendants' conduct and policies amounted to disparate treatment and had a disparate impact on Plaintiffs.

67.    As a direct, foreseeable and proximate result of Defendants' acts, Plaintiffs have suffered and continue to suffer substantial past and future economic losses and other employment and economic benefits and opportunities and other consequential and foreseeable damages and have suffered and continue to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiffs' damage in an amount in excess of the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

68.    Because of Defendants conduct Plaintiffs were forced to retain attorneys to prosecute this action. Pursuant to the provisions of California Government Code §12965(b), Plaintiffs are entitled to reasonable attorney's fees and litigation expenses incurred in bringing this action.

69.    Defendants maliciously, fraudulently and oppressively committed the alleged despicable acts with the wrongful intent to injure Plaintiffs. Defendants acted with an improper and evil motive, and in conscious disregard of Plaintiffs' rights. Because alleged acts were carried out by managerial employees acting in a deliberate, cold, callous and intentional manner, Plaintiffs are entitled to recover punitive damages from Defendants in an amount according to proof.

## FOURTH CLAIM FOR RELIEF
### RETALIATION
### (Against ALL Defendants)

70.    Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 73 of this Complaint. This claim is directed against ALL Defendants.

71.    California Government Code §§12940(h), 12926(m), and 12945.2 provide that it is unlawful employment practice for an employer or any other person to retaliate against an employee for engaging in a protected activity, for opposing an unlawful employment practice, filing a complaint of discrimination or harassment, or participating in a proceeding involving a claim of discriminatory treatment.

- 14 -

72.     By providing information to Defendants about their medical conditions and temporary inability to perform their duties, and requesting accommodation for their disability, Plaintiffs exercised their rights under CFRA and FEHA.

73.     By exercising their rights under FEHA and CFRA, Plaintiffs engaged in legally protected activity.

74.     At all times relevant, Plaintiffs performed their duties in satisfactory manner. In addition, at all times herein mentioned, California Government Code § 12940(h) was in full force and effect and was binding upon Defendant.

75.     Defendants were aware that Plaintiffs were suffering from a serious disability/medical condition. Still, they wrongfully terminated Plaintiffs in retaliation for exercising their rights under FMLA and/or CFRA.

76.     Termination of Plaintiffs' employment constituted an adverse employment action.

77.     Further, Defendant violated Government Code §§12940(h), 12926(m), and 12945.2 when they retaliated against each named Plaintiff in the terms and conditions of employment, took adverse employment actions against each Plaintiff for reporting and lodging complaints of discriminatory treatment in the workplace, and requesting that Defendant take immediate remedial measures and conduct fair and impartial investigation into discriminatory conduct on the part of supervisors and managers.

78.     As a direct, foreseeable and proximate result of Defendants' acts, Plaintiffs have suffered and continue to suffer substantial past and future economic losses and other employment and economic benefits and opportunities and other consequential and foreseeable damages and have suffered and continue to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiffs' damage in an amount in excess of the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

79.     Because of Defendants conduct Plaintiffs were forced to retain

- 15 -

1   attorneys to prosecute this action.  Pursuant to the provisions of California Government

2   Code §12965(b), Plaintiffs are entitled to reasonable attorney's fees and litigation

3   expenses incurred in bringing this action.

4          80.        Defendants maliciously, fraudulently and oppressively committed the

5   alleged despicable acts with the wrongful intent to injure Plaintiffs. Defendants acted

6   with an improper and evil motive, and in conscious disregard of Plaintiffs' rights.

7   Because alleged acts were carried out by managerial employees and/or "managerial

8   agents" acting in a deliberate, cold, callous and intentional manner, Plaintiffs are entitled

9   to recover punitive damages from Defendants in an amount according to proof.

10                          **FIFTH CLAIM FOR RELIEF**
                **FAILURE TO PREVENT DISCRIMINATION/HARASSMENT**
11                **(Against Defendant COMERCA, and DOES 1 through 20)**

12

13          81.        Plaintiffs re-allege and incorporate by reference Paragraphs 1 through

14   84 of this Complaint. This claim is directed against Defendants COMERICA and Does 1

15   through 20 (collectively, "Defendants").

16          82.        California Government Code §12940(k) provides that it is an unlawful

17   employment practice for an employer to fail to take all reasonable steps necessary to

18   prevent discrimination, retaliation, and harassment from occurring at the workplace.

19          83.        Defendants violated Government Code §12940(k) with regard to

20   Plaintiffs when Defendants knowingly and recklessly created a hostile work environment

     for Plaintiffs on the basis of the disability/medical condition, failed to conduct reasonable
21
     and impartial investigation when they complained about discriminatory conduct on the
22
     part of supervisors and managers, and failed to take steps reasonably necessary to
23
     investigate the misconduct and prevent it from occurring and continuing.

24          84.        Defendants knew or should have known of these discriminatory actions

25   because Plaintiffs complained to their respective managers, and because discriminatory

26   actions complained about were carried out by Defendants' management personnel.

27          85.        As a direct, foreseeable and proximate result of Defendants' acts,

28

- 16 -

Plaintiffs have suffered and continue to suffer substantial past and future economic losses and other employment and economic benefits and opportunities and other consequential and foreseeable damages and have suffered and continue to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiffs' damage in an amount in excess of the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

86.    Because of Defendants conduct Plaintiffs were forced to retained attorneys to prosecute this action   Pursuant to the provisions of California Government Code §12965(b), Plaintiffs are entitled to reasonable attorney's fees and litigation expenses incurred in bringing this action.

87.    Defendants maliciously, fraudulently and oppressively committed the alleged despicable acts with the wrongful intent to injure Plaintiffs. Defendants acted with an improper and evil motive, and in conscious disregard of Plaintiffs' rights. Because alleged acts were carried out by managerial employees acting in a deliberate, cold, callous and intentional manner, Plaintiffs are entitled to recover punitive damages from Defendants in an amount according to proof.

## SIXTH CLAIM FOR RELIEF
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (Against Defendant COMERCA, and DOES 1 through 20))

88.    Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 91 of this Complaint. This claim is directed against Defendants COMERICA and Does 1 through 20 (collectively, "Defendants").

89.    During and after Plaintiffs disability leave, Defendants, through its supervisors/managers, engaged in negligent and intentional actions that resulted in Plaintiffs being treated less favorably because of the medical condition(s), denied them timely interactive process to accommodate their known disability/medical condition, and routinely denied reasonable accommodations to their known disability/medical condition.

90.    Defendants knew or should have known of these discriminatory actions because Plaintiffs complained to their respective managers, and because discriminatory actions complained about were carried out by Defendants' management personnel

- 17 -

91.     Defendants failed to take immediate and appropriate corrective action to stop these discriminatory acts. Furthermore, Defendants failed to take all reasonable steps to prevent such discrimination from occurring.  Defendants' conduct violated Gov. Code §12940(k).

92.     Defendants discriminated, harassed and retaliated against Plaintiffs on (a) the basis of Plaintiffs' respective disability and medical conditions; (b) because Plaintiffs complained on failure to accommodate their disability; and (c) because Plaintiffs complained about denial of their rights under the FMLA and CFRA.

93.     Plaintiffs are informed and believe that there was a nexus (causal connection) between the termination of their employment and (a) their protected status under FMLA and CFRA, and/or (b) the assertion of rights under FMLACFRA, and/or (c) because they complained of failure to accommodate their disabilities, each and all of which are matters of public policy. *See*, Family Medical Leave Act, California Government Code §§12940 (h) (i) (j) (k) (l), §12941, and California Family Rights Act, California Gov't Code §12945.2 et seq.

94.     Accordingly, the discharge of Plaintiffs was wrongful as it violated public policy, California common law and Plaintiffs constitutional and statutory rights.

95.     As a direct, foreseeable and proximate result of Defendants' acts, Plaintiffs  have suffered and continues to suffer substantial past and future economic losses and other employment and economic benefits and opportunities and other consequential and foreseeable damages and have suffered and continue to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiffs' damage in an amount in excess of the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

96.     Because of Defendants conduct Plaintiffs were forced to retained attorneys to prosecute this action.  Pursuant to the provisions of California Government Code §12965(b), Plaintiffs are entitled to reasonable attorney's fees and litigation expenses incurred in bringing this action.

97.     Defendants maliciously, fraudulently and oppressively committed

- 18 -

the alleged despicable acts with the wrongful intent to injure Plaintiffs. Defendants acted with an improper and evil motive, and in conscious disregard of Plaintiffs' rights. Because alleged acts were carried out by managerial employees acting in a deliberate, cold, callous and intentional manner, Plaintiffs are entitled to recover punitive damages from Defendants in an amount according to proof

<u>SEVENTH CLAIM FOR RELIEF</u>
**CONSTRUCTTIVE WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
**(Against Defendant COMERCA, and DOES 1 through 20)**

98.      Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 101 of this Complaint. This claim is directed against Defendants PACIFIC BELL/AT&T and Does 1 through 20 (collectively, "Defendants").

99.      During and after Plaintiffs disability leave, Defendants, through its supervisors/managers, engaged in negligent and intentional actions that resulted in Plaintiffs being treated less favorably because of the medical condition(s), denied them timely interactive process to accommodate their known disability/medical condition, and routinely denied reasonable accommodations to their known disability/medical condition.

100.      Defendants knew or should have known of these discriminatory actions because Plaintiffs complained to their respective managers, and because discriminatory actions complained about were carried out by Defendants' management personnel.

101.      Defendants failed to take immediate and appropriate corrective action to stop these discriminatory acts. Furthermore, Defendants failed to take all reasonable steps to prevent such discrimination from occurring.  Defendants' conduct violated Gov. Code §12940(k).

102.      Defendants discriminated, harassed and retaliated against Plaintiffs on (a) the basis of Plaintiffs' respective disability and medical conditions; (b) because Plaintiffs complained on failure to accommodate their disability, and (c) because Plaintiffs complained about denial of their rights under the FMLA and CFRA.

103.      Plaintiffs are informed and believe that there was a nexus (causal

- 19 -

connection) between the adverse employment actions and (a) her protected status under FMLA and CFRA, and/or (b) the assertion of rights under FMLACFRA, and/or (c) because they complained of failure to accommodate their disabilities, each and all of which are matters of public policy. *See*, Family Medical Leave Act, California Government Code §§12940 (h) (i) (j) (k) (l), §12941, and California Family Rights Act, California Gov't Code §12945.2 et seq

104.     Accordingly, Plaintiff's conditions of employment violated public policy, California common law and Plaintiff's constitutional and statutory rights.

105.     Such working conditions were so intolerable that a reasonable person in Plaintiff Moore's position would have had no reasonable alternative except to resign.

106.     Plaintiff Moore resigned because of these conditions of employment.

107.     As a direct, foreseeable and proximate result of Defendants' acts, Plaintiffs have suffered and continues to suffer substantial past and future economic losses and other employment and economic benefits and opportunities and other consequential and foreseeable damages and have suffered and continue to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiffs' damage in an amount in excess of the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

108.     Because of Defendants conduct Plaintiffs were forced to retained attorneys to prosecute this action. Pursuant to the provisions of California Government Code §12965(b), Plaintiffs are entitled to reasonable attorney's fees and litigation expenses incurred in bringing this action.

109.     Defendants maliciously, fraudulently and oppressively committed the alleged despicable acts with the wrongful intent to injure Plaintiffs. Defendants acted with an improper and evil motive, and in conscious disregard of Plaintiffs' rights. Because alleged acts were carried out by managerial employees acting in a deliberate, cold, callous and intentional manner, Plaintiffs are entitled to recover punitive damages from Defendants in an amount according to proof.

## EIGHTH CLAIM FOR RELIEF

- 20 -

**BUSINESS AND PROFESSIONS CODE SECTION 17200**
**(Against Defendants COMERICA and DOES 1 through 20)**

110.    Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 113 of this Complaint. This claim is directed against Defendants COMERICA and Does 1 through 20 (collectively, "Defendants").

111.    Plaintiffs are members of the class of persons protected by the provisions of Business and Professions Code Section 17200 et seq., including that Plaintiffs suffered injury-in-fact and/or has lost money as a result of Defendants' conduct. Defendants, and Does 1 through 20, and each of them, were entities engaged in business practices in California and were and at all material times herein are subject to the requirements of Business and Professions Code Section 17200.

112.    For the previous four years, Defendants engaged in the following unlawful, unfair, and/or fraudulent business practices: (1) engaged in a pattern and practice of discriminatory conduct against older and disabled employees; and (2) engaged in a pattern and practice of discriminatory conduct, including failure of accommodations, against employees on the basis of disability and/or medical condition. This conduct constitutes unfair, unlawful, and fraudulent and deceptive business practices in violation of Business and Professions Code Section 17200 et seq. As a result of Defendants' conduct, Plaintiffs are entitled to restitution from Defendants in an amount according to proof at trial. Moreover, Plaintiffs seek equitable and/or injunctive relief according to proof at trial.

113.    As a further and proximate result of the conduct of Defendants, Plaintiffs have been obliged to expend and incur costs of suit, attorney's fees, and related expenses in an amount to be proven at trial.

**NINTH CLAIM FOR RELIEF**
**CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF**
**(Against Defendants COMERICA and DOES 1 through 20)**

114.    Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 117 of this Complaint. This claim is directed against Defendants COMERICA and Does 1 through 20 (collectively, "Defendants").

115    For all reasons set forth above, Plaintiffs seek a declaration from the

- 21 -

Court that they were wrongfully terminated, as a matter of law accusations made against Plaintiffs are defamatory per se, and enjoining Defendants to purge Plaintiffs' personnel file of all disciplinary actions, criticism, and any other documents that gave rise, or could otherwise support the claim of unlawful termination.

116.     Further, Plaintiffs seek a Court Order enjoining Defendants to unconditionally reinstate such Plaintiffs, within thirty (30) days of the Court's order, including payment of full back pay, benefits, seniority, retirement contributions, and statutory interest.  Alternatively, if Defendants refuses to reinstate Plaintiffs, judgment shall be entered in favor of Plaintiffs against Defendants for full back and front pay, value of past and future lost benefits, value of lost retirement contributions, and statutory interest, through Plaintiffs' 70th birthday.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief and judgment against Defendants, and each of them, as follows:

a.  For a money judgment representing compensatory damages including, but not limited to, lost wages, earnings, retirement benefits and other employee benefits, and all other sums of money, together with interest on these amounts, according to proof;

b.  For an award of money judgment for mental pain and anguish and emotional distress, according to proof;

c.  For an award of punitive damages, according to proof;

d.  For costs of suit and attorney fees,

e.  For prejudgment and post-judgment interest;

f.  For declaration and injunctive relief;

g.  For any other relief that is just and proper;

h.  For attorney's fees pursuant to California Labor Code, Cal. C.C.P. §1021.5 and Cal. Gov't Code §12965(b)

- 22 -

1

DATED:  January 30, 2015

2

3

4

BY: _____

5

Ilona Brusil

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 23 -

1
2
## DEMAND FOR JURY TRIAL

3        Plaintiffs hereby demand a jury trial on all causes of action and claims with

4 respect to which they have a right to jury trial.

5

6 DATED:  January 30, 2015

7

8

9                                    BY:

10                                        Ilona Brush

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 24 -

*)*

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

COMERICA BANK, a Texas Corporation, Cathy Hedges, an individual,
John Fitzgerald, an individual, and DOES 1 through 20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SOL OQUENDO, an individual, and
KENNETH EDMONSON, an individual



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SAN MATEO COUNTY

JAN 3 0 2015

Clerk of the ~~[signature]~~
DEPUTY CLERK

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibido mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California | CASE NUMBER *(Número del Caso):* **CIV 529321** |

County of San Mateo, Hall of Justice
400 County Center, First Floor, Room A, Redwood City, CA

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

**BY FAX**

Ilona Brusil, Esq., 601 Van Ness Ave., Suite 2052, San Francisco, CA 94102; Tel (415)775-1793

| | | | |
|---|---|---|---|
| DATE 01/30/2015 *(Fecha)* | **JAN 3 0 2015** | Clerk, by *(Secretario)* ~~[signature]~~ | , Deputy *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010))*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Ilona Brusil (SB#244723)<br>Law Office of Ilona Brusil<br>601 Van Ness Avenue<br>Suite #2052<br>San Francisco, CA 94102<br>TELEPHONE NO. (415)775-1793    FAX NO. (415)660-1999<br>ATTORNEY FOR *(Name)* Sol Oquendo and Kenneth Edmonson | **FILED**<br>**SAN MATEO COUNTY**<br>JAN 3 0 2015<br>Clerk of the Superior Court<br>By _____<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS 400 County Street
MAILING ADDRESS 400 County Street
CITY AND ZIP CODE Redwood City 94063
BRANCH NAME

CASE NAME Sol Oquendo, et al v. Comerica Bank, et al

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER CIV 532321 |
|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE<br><br>DEPT |

*Items 1-6 below must be completed (see instructions on page 2)*

1  Check **one** box below for the case type that best describes this case

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [X] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2  This case [ ] is [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management
  a [ ] Large number of separately represented parties  d [ ] Large number of witnesses
  b [ ] Extensive motion practice raising difficult or novel  e [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve  in other counties, states, or countries, or in a federal court
  c [ ] Substantial amount of documentary evidence  f [ ] Substantial postjudgment judicial supervision

3  Remedies sought *(check all that apply)* a [X] monetary b [ ] nonmonetary; declaratory or injunctive relief  c [X] punitive

4  Number of causes of action *(specify)*  nine

5  This case [ ] is [X] is not  a class action suit

6  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015)*

Date 1/30/15

Ilona Brusil (SB#244723)
   (TYPE OR PRINT NAME)               (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
☉ Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740
Cal. Standards of Judicial Administration, std. 3.10

EXHIBIT B

First Amended

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:** Comerica Bank, a Texas
*(AVISO AL DEMANDADO):* Corporation, Cathy Hedges, an
individual, John Fitzgerald, an individual, and Does
1 through 20,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED FILED
SAN MATEO COUNTY

MAR 05 2015

Clerk of the Superior Court
By    JENNA BLACK
DEPUTY CLERK

**YOU ARE BEING SUED BY PLAINTIFF:** Sol Oquendo, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual, and
Kenneth Edmonson, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* <br> Superior Court <br> 400 County Street <br> 400 County Street <br> Redwood City 94063 | CASE NUMBER: *(Número del Caso):* <br> CIV532321 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ilona Brusil (SB#244723)     (415)775-1793     (415)660-1999
Law Office of Ilona Brusil
601 Van Ness Avenue
San Francisco, CA 94102

BY FAX

| | | | |
|---|---|---|---|
| DATE: *(Fecha)* MAR 05 2015 | Clerk, by *(Secretario)* JOHN C. (FITZ(gmo) JENNA BLACK | , Deputy *(Adjunto)* | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Comerica Bank, a Texas Corporation

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

Ilona Brusil (SBN 244723)
Tanya Gomerman (SBN 271834)
Mikalai Hroshau (SBN 279303)
601 Van Ness Ave., Suite 2052
San Francisco, CA 94102
Tel: (415) 775-1793
Fax: (415) 660-1999

ENDORSED FILED
SAN MATEO COUNTY

MAR 0 6 2015

Clerk of the Superior Court
By ____ JENNY BLACK
        DEPUTY CLERK

Attorneys for Plaintiffs Sol Oquendo and Kenneth Edmonson

# SUPERIOR COURT OF CALIFORNIA
# IN AND FOR SAN MATEO COUNTY

SOL OQUENDO, an individual, and
KENNETH EDMONSON, an individual,

Plaintiffs.

vs.

COMERICA BANK, a Texas Corporation;
Cathy Hedges, an individual; John Fitzgerald,
an individual; and DOES 1 through 20,

Defendants.

Case No.: CIV532321

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1. Employment Discrimination:
   Disability/Medical Condition;
2. Violations of the FMLA;
3. FMLA/CFRA Discrimination;
4. Retaliation;
5. Failure to Prevent
   Discrimination/Harassment
6. Wrongful Termination in Violation of
   Public Policy;
7. Constructive wrongful termination in
   violation of public policy
8. Violations of Business & Professions
   Code Section 17200;

**DEMAND FOR JURY TRIAL** BY FAX

1.      Plaintiffs SOL OQUENDO and KENNETH ADMONSON (hereinafter,

"Plaintiffs") complain of Defendants COMERICA BANK, a Texas Corporation (hereinafter,

"Defendant" or "Comerica"); CATHY HEDGES, an individual; JOHN FITZGERALD, an

individual; and Does 1 through 20, and each of them (collectively, "Defendants"), for damages

and allege as follows:

## NATURE OF ACTION

- 1 -

2.      This is civil rights case involving discriminatory, harassing, abusive, and retaliatory conduct of Defendants against Plaintiffs because of Plaintiffs' physical disability, mental disability, medical condition and/or perceived disability, and exercising their right to family medical leave.

3.      These acts render Defendants in violation of California's Fair Employment and Housing Act, Family and Medical Leave Act, California Family Rights Act and California Business & Professions Code.

4.      As a direct consequence of Defendants' discriminatory acts, Plaintiffs have suffered economic, consequential and other damages, all to their detriment. Defendants' actions and inactions forced Plaintiffs to hire attorneys and file suit, and incurred substantial attorney's fees and costs.

## JURISDICTION AND VENUE

5.      Plaintiff SOL OQUENDO was employed by Defendant COMERICA in South San Francisco Branch, San Mateo County, California, and therefore venue is proper herein.

6.      Plaintiff KENNETH EDMONSON was employed by Defendant COMERICA in Millbrae Branch, San Mateo County, California, and therefore venue is proper herein.

7.      Jurisdiction is proper because Defendants reside in the state of California, have offices in this state, and each conduct substantial amount of business in California, and, thus, purposefully availing themselves of the laws of this state.

8.      The substantial majority of the acts complained of occurred in San Mateo County and, thus, venue is proper.

9.      The amount in controversy exceeds $25,000.00.

## INTRODUCTION

10.     This action is brought by the named Plaintiffs against Defendants COMERICA Bank., a Texas corporation, ("Comerica"), and JOHN FITZGERALD and CATHY HEDGES, Defendants' managerial employees, (hereinafter referred to collectively as "Defendants").

11.     During the relevant time period, Defendants had a significant presence in the

- 2 -

banking industry. Defendants operated branch locations throughout the United States and beyond the U.S. boarders. Defendants employed Plaintiffs to provide financial services to its customers.

12.    Plaintiffs are informed and believe and thereon allege that Defendants engaged in the systematic practice of discriminating and retaliating against disabled employees. Plaintiffs are informed and believe that Defendants' actions toward them were in violation of Americans with Disabilities Act (ADA), Family Medical Leave Act (FMLA), California's Fair Employment and Housing Act (FEHA) and California Family Rights Act (CFRA), and in violation of California Business and Professions Code Sections 17200 et seq., as set forth with more particularity herein after.

13.    Moreover, Defendants wrongfully terminated Plaintiffs in violation of their employment agreement, forced them to quit based on untrue and dishonest reasons and in a manner wholly contrary to Comerica's own policies and procedures.

14.    The claims alleged by Plaintiffs are based primarily on California counter-part of federal statute. The laws violated by Defendants are set forth in detail in the allegations below.

15.    As a direct consequence of Defendants' unlawful acts, Plaintiffs have suffered economic, consequential and other damages, all to their detriment. Defendants' actions and inactions forced Plaintiffs to hire attorneys and file suit and, therefore, incur substantial attorney's fees and costs. Further, Plaintiffs seek damages and declaratory and equitable relief in the form of restitution.

## PARTIES

16.    Plaintiff Sol Oquendo is and at all relevant times was a citizen of the State of California, and was employed by Defendants in the San Mateo County, as more fully described below. Ms. Oquendo was employed to provide management and leadership skills to the customers and employees of Defendants' branch locations. The last office where Ms. Oquendo was employed was located at 401 Grand Avenue, South San Francisco, California. Ms. Oquendo was employed in a position commonly referred to as banking center manager.

17.    Plaintiff Kenneth Edmonson is and at all relevant times was a citizen of the State

of California, resident of San Joaquin County, and was employed by Defendants in the San
Mateo County, as more fully described below. Mr. Edmonson was employed to provide
management and leadership skills to the customers and employees of Defendants' Millbrae
branch, located at 49 El Camino Real, Millbrae, California. Mr. Edmonson was employed in a
position commonly referred to as banking center manager.

18.    Plaintiffs are informed and believe and thereon allege that for all relevant
purposes, including a finding of liability and payment of damages or restitution, Comerica Bank
was the employer or joint employer of the Plaintiffs and is an "employer" as that term is defined
by Cal. Government Code §§ 12926 and 12940.

19.    Plaintiffs are further informed and believe and thereon allege that Defendant John
Fitzgerald was a "managing agent" for one or more of Comerica entities and is an "employer"
as that term is defined by Cal. Government Code §§ 12926 and 12940.

20.    Plaintiffs are further informed and believe and thereon allege that Defendant
Cathy Hedges was a "managing agent" for one or more of Comerica entities and is an
"employer" as that term is defined by Cal. Government Code §§ 12926 and 12940.

21.    Defendant Comerica is licensed to do business in California. Defendants were at
all times doing business through the State of California and had branches located throughout
California. Plaintiffs are informed and believe and thereon allege that the practices and policies
complained off were enforced throughout the State of California, including San Mateo County.

22.    The true names and capacities, whether individual, corporate, associate or
otherwise, of Defendants DOES 1 through 20, are unknown to Plaintiffs, who therefore sue said
defendants by such fictitious names. Plaintiffs will amend this Complaint by inserting the true
names and capacities of each such defendant, with appropriate charging allegations, when they
are ascertained. Plaintiffs are informed and believe and thereon allege that each of the
Defendants designated herein as "DOE" is responsible under the law in some manner for the
injuries suffered by Plaintiffs and for damages proximately caused by the conduct of each such
Defendant, as herein alleged.

23.    Defendants have such a unity of interest and ownership that the separate

1 personalities do not in reality exist and that the corporate structure is just a shield for the alter
2 ego of each other. Inequity will result if the acts in question are treated as those of one of these
3 Defendants over the other and therefore these entities and Does 1 through 20 should be held
4 collectively liable for the acts complained of herein.

5     24.    At all times herein mentioned, each of the individual Defendants were the agents,
6 managing agents, servants and employees of the remaining Defendants, and each of them, and at
7 all times herein mentioned, was acting within the course and scope of said agency, service and
8 employment.

9 ## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10     25.    Plaintiff Kenneth Edmonson timely filed charges of discrimination with the U.S.
11 Equal Employment Opportunity Commission (EEOC) and/or California Department of Fair
12 Employment and Housing (DFEH) which issued the requisite "Right-to-Sue" letter on January
13 30, 2014.

14     26.    Plaintiff Sol Oquendo timely filed charges of discrimination with the U.S. Equal
15 Employment Opportunity Commission (EEOC) which issued the requisite "Right-to-Sue"
16 letter/Notice of Rights on March 5, 2014.

17 ## GENERAL ALLEGATIONS

18     27.    Plaintiffs are informed and believe and thereon allege that Defendants engaged in
19 the systematic practice of discriminating and retaliating against disabled employees.
20 Defendants implemented policies and practices that targeted employees who executed their right
21 to FMLA/disability leave. Plaintiffs were unlawfully denied and/or restricted their rights to
22 FMLA/disability leave, where subject to excessive monitoring, supervision and scrutiny, and
23 disciplined. Defendants created a hostile work environment for disabled employees, like
24 Plaintiffs, and forced them to resign or terminated them under the pretext of failure to comply
25 with performance requirements.

26 ## FACTS SPECIFIC TO SOL OQUENDO

27     28.    At all relevant times herein, Plaintiff was an employee over the age of forty (40)
28 that suffered from an actual or perceived physical disability and medical condition. At the time

- 5 -

FIRST AMENDED COMPLAINT                      CASE NO. CIV532321

1    of termination Plaintiff was 62-years-old.

2        29.    Plaintiff worked for Defendants since 10/16/2006. Plaintiff was hired to open a

3    new banking center in South San Francisco for the Defendant Comerica. Her position was

4    Banking Center Manager and paid about $85,000 annually. Plaintiff remained in that position

5    until she was forced to resign on or about April 1, 2013.

6        30.    Her performance was exemplary, and Plaintiff was transferred from South San

7    Francisco center to the Embarcadero branch of the Defendant, in San Francisco, in or about

8    2009.

9        31.    In or about 2009, Defendant John Fitzgerald became a new Regional Manager and

10   Plaintiff's immediate supervisor.

11       32.    Plaintiff had a history health problems which she self-reported to the Defendants,

12   including Defendant Fitzgerald and the Director of Human Resources, Ms. Julie Head. Plaintiff

13   was a cancer survivor after bilateral mastectomy, and had to undergo regular mammograms and

14   check-up visits. Plaintiff also suffered injury to her left leg and had physical limitations on

15   lifting, bending, climbing stairs, sitting, standing, and walking (i.e. limping). Her diagnoses

16   also included high blood pressure, Diabetes, and sleep apnea which caused her feeling shaky,

17   fainting, anxious, having raving thoughts, poor concentration, and depression. All of these

18   ailments, known to Defendants, constitute a "serious health condition" under CFRA and a

     qualifying disabilities under FEHA.

19       33.    Since 2011, Plaintiff Oquendo was routinely harassed because of her medical

20   needs. For instance, Plaintiff could not sit or stand without pain during management meetings

21   and was limping while walking. Despite his knowledge of Plaintiff's medical conditions,

22   Defendant Fitzgerald did not offer her any accommodations. Rather, he transferred Plaintiff

23   back to South San Francisco location, stating that "Embarcadero is too high end for [Plaintiff]."

24   He also commented that "this is the branch [Plaintiff] will retire from." At the time, Plaintiff

25   did not consider retirement, and found these comments extremely offensive.

26       34.    Throughout her employment with Defendants, Plaintiff's disability was never

27   properly accommodated. In about January 2013, Plaintiff's health condition deteriorated due to

28   high stress level. Plaintiff was transferred to the branch that had two employees instead of five;

- 6 -

1   Plaintiff herself and another employee of the branch, Mary Santos. Plaintiff was forced to work
2   six days per week for six months because until the vacant positions were filled. Plaintiff worked
3   three positions: bank center manager, teller and new accounts banker. Defendants failed to
4   engage in meaningful good faith interactive process to determine how to accommodate her.
5   Defendants' failure to accommodate Plaintiff Moore caused her more injuries. At about the
6   same time, Plaintiff was diagnosed with Diabetes and Sleep Apnea. Both conditions were again
7   ignored by Defendants.

8       35.    In April 2013 Defendant John Fitzgerald told Plaintiff that she would be
9   terminated unless Plaintiff chooses to "voluntary" resign. He further told Plaintiff that if she
10  sends him an email to resign, he would let her work until May 30th, and the matter would be left
11  "between us" in case she wanted to look for another job. Plaintiff did so.

12      36.    Plaintiff Oquendo believes that she was constructively terminated by Defendants
13  because she had no reasonable alternative. Plaintiff Oquendo further believes that the
14  termination was at least in part retaliation for asserting her rights to take a medical leave and/or
15  because of her disabilities. Plaintiff Oquendo contends that Defendants' actions are a part of a
16  well known pattern and practice of mistreating and terminating disabled employees.

### FACTS SPECIFIC TO KENNETH EDMONSON

17      37.    Plaintiff Edmonson believes that he was constructively terminated by
18  Defendants because he had no reasonable alternative. Plaintiff Edmonson further believes that
19  the termination was at least in part retaliation for asserting his rights to take a medical leave
20  and/or because of her disabilities. Plaintiff Moore contends that Defendants' actions are a part
21  of a well-known pattern and practice of mistreating and terminating disabled employees.

22      38.    At all relevant times herein, Plaintiff Edmonson was an employee over the
23  age of forty (40) that suffered from an actual or perceived physical disability and medical
24  condition.

25      39.    Plaintiff Edmonson started his employment with Defendants on or around
26  June 1, 2009, and worked as a Banking Center Manager in Millbrae office at 49 El
27  Camino Real, Millbrae, California. He remained in that position until his termination on
28  January 31, 2013. His last position paid about $79,400 annually.

- 7 -

40.     Plaintiff Edmonson had a history of health problems that were known to Defendants.  Beginning about January 2011, Plaintiff Edmonson developed and was diagnosed with sleep apnea, which he communicated to the District Manager and his immediate supervisor Cathy Hedges in a one-on-one meeting.  By then, he was already suffering from high blood pressure and was taking medication that caused dizziness, headaches and sleepiness.  Both disorders constitute a "serious health condition" under CFRA and a qualifying disability under FEHA.

41.     Plaintiff's disability was never properly accommodated.  Defendants failed to engage in meaningful good faith interactive process to determine how to accommodate him.  To the contrary, Defendants refused to consider his restrictions when Plaintiff expressly requested the change of shift hours to accommodate his travel limitations.  Beginning April 2011, Plaintiff was commuting 156 miles round trip each day from Manteca to Millbrae until his medical doctor restricted his driving, at which point Plaintiff started to take Altamont Corridor Express Train for commute.  Defendant Cathy Hedges refused to allow him to leave earlier to catch the last train even though Plaintiff informed her that all his duties between 4:20 p.m. and 5:30 p.m. could be delegated to the Assistant Manager.  Contrary to his doctor's orders, Defendant Hedges demanded that he stays until 5:30 p.m.  On at least two occasions, Plaintiff was refused a transfer to a Defendant's location closer to his residence in Manteca.

42.     Defendants' failure to accommodate Plaintiff Edmonson caused him more injuries.  Suffering from his ailments, combined with constant stress at work, Plaintiff was falling apart.  In or about February 2012, Plaintiff was placed on short-term disability by his doctor.

43.     Plaintiff Edmonson later learned that the opening became available in the Danville branch of Defendant Comerica while he was on disability.  However, while on a leave of absence, Plaintiff had no access to the Defendant's computer system and was receiving no announcements.  Defendant Hedges failed to inform Plaintiff of the opportunity even though transfer between Defendant's locations was a common business practice for the Defendants and several managerial employees were transferred "for the good of the region."  The position was filled while Plaintiff Edmonson was on a medical leave.

- 8 -

44.   Despite the fact that Plaintiff Edmonson was still disabled and using BAPIP (Biphasic Positive Airway Pressure) for ventilation support, Plaintiff returned to work because he needed his job. Upon return to work, Plaintiff was disciplined and placed on a "performance improvement plan" (PIP) allegedly for violating Defendants' policy while he was on approved leave of absence. Defendant Hedges placed Plaintiff Edmonson on the final step of discipline. Final Written Warning, in violation of Defendant's own policy of progressive disciplinary process (oral warning for ninety days, then written warning for ninety days, then final written warning for ninety days, up to and including termination).

45.   Furthermore, when Plaintiff returned to work from his disability leave, he had no workstation setup and could not perform his job functions even though the management was aware of his return to work date.

46.   In May 2012, Plaintiff again learned that the position became available in the Defendant's San Ramon branch, which was closer to his residence in Manteca, but Plaintiff Edmonson could not apply for it because he was ineligible for the transfer due to being placed on performance improvement plan. His medical condition continued to deteriorate due to stress and lengthy commute.

47.   Plaintiff's performance improvement plan was due to expire on December 10, 2012. In December 2012, Defendant Hedges informed Plaintiff Edmonson that he will be terminated. She further suggested that if Plaintiff submitted a voluntary resignation, he could keep his employment through the end of January 2013. Plaintiff's last day of employment was January 31, 2013.

48.   Plaintiff Edmonson disputes that he violated any policies while he was on approved medical leave, and asserts that there was leave time and/or disability time that was or should have been available to her in lieu of any disciplinary measures.

49.   Plaintiff Edmonson believes that he was constructively terminated by Defendants because he was forced to resign and had no reasonable alternative. Plaintiff Edmonson further believes that the termination was at least in part retaliation for asserting his rights to take a medical leave and/or because of her disabilities. Plaintiff Edmonson contends that Defendants' actions are a part of a well-known pattern and practice of mistreating and

- 9 -

1  terminating disabled employees.

2

### FIRST CLAIM FOR RELIEF

3  ### EMPLOYMENT DISCRIMINATION: DISABILITY/MEDICAL CONDITION

(Cal. Gov. Code §12940(a))

4  **(Against Defendant COMERCA, and DOES 1 through 20)**

5      50.     Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 49

6  of this Complaint. This claim is directed against Defendants COMERICA and Does 1 through

7  20 (collectively, "Defendants").

8      51.     At all times herein mentioned, California Government Code §§12926,

9  12926.1 and 12940 were in full force and effect and were binding upon Defendants. Section

10  12940 (a) prohibits an employer and any person from discriminating against any employee on

11  the basis of physical disability, mental disability, medical condition or perceived disability. This

12  section provides that an employer will be subject to liability if it/he discharges an employee

13  because of his/her disability.

14      52.     At all times during Plaintiffs' tenure as employees of Defendants, when

15  they were not exercising their protected right to medical leave, they were able to perform the

16  essential functions of their position with reasonable accommodation.

17      53.     Defendants violated California Government Code §§12940 (a) with

18  regard to Plaintiffs  when it discriminated against Plaintiffs  on the basis of  the physical

19  disability, mental disability, medical condition or perceived disability, and took other adverse

20  employment actions against Plaintiffs  on the basis of the physical disability, mental disability,

21  medical condition or perceived disability.

22      54.     Plaintiffs are informed and believe that the motivating factor in

23  Defendants' termination of Plaintiffs' employment was their respective disability/medical

24  condition.  Additionally, Defendants refused to provide Plaintiffs with reasonable

25  accommodation pursuant to medical doctor's requests. Such requests would not have imposed

26  undue hardship on Defendants.

27      55.     Plaintiffs are informed and believe, and thereon allege that similarly

28  situated employees who were not disabled were not subjected to the same discriminatory

- 10 -

treatment.

56.    Plaintiffs are informed and believe, and thereon allege that in addition to the practices enumerated in this Claim for Relief, Defendant has engaged in other discriminatory practices as alleged in this Complaint.

57.    As a direct, foreseeable and proximate result of Defendants' acts, Plaintiffs have suffered and continue to suffer substantial past and future economic losses and other employment and economic benefits and opportunities losses and other consequential and foreseeable damages and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiffs damage in an amount in excess of the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

58.    Because of Defendants conduct Plaintiffs were forced to retain attorneys to prosecute this action.  Pursuant to the provisions of California Government Code §12965(b), Plaintiffs are entitled to reasonable attorney's fees and litigation expenses incurred in bringing this action.

59.    Defendants maliciously, fraudulently and oppressively committed the alleged despicable acts with the wrongful intent to injure Plaintiffs. Defendants have acted with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiffs' rights. Because alleged acts were carried out by managerial employees and /or "managing agents," acting in a deliberate, cold, callous and intentional manner, Plaintiffs are entitled to recover punitive damages from Defendants in an amount according to proof.

## SECOND CLAIM FOR RELIEF
### (Against Defendant COMERCA, and DOES 1 through 20)

60.    Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 59 of this Complaint. This claim is directed against Defendants COMERICA and Does 1 through 20 (collectively, "Defendant").

61.    Each Plaintiff was an eligible employee for the purposes of the FMLA.

62.    Each Plaintiff suffered from a serious medical condition.

63.    Each Plaintiff met all requirements for family medical leave under the

1   FMLA.

2       64.     Family Medical Leave Act of 1993, 29 U.S. C. §§ 2601 et seq. prohibits

3   Defendants from interfering, restraining, discriminating or retaliating against an employee for

4   exercising family medical leave rights, or denying an eligible employee's family medical leave.

5   The FMLA further prohibits an employer from changing its FMLA policies without providing

6   reasonable notice to the affected employees, and requires the employer to notify the employee

7   of potential FMLA coverage.

8       65.     In acting as described above, Defendant violated the FMLA with regard to

9   each named Plaintiff when it discriminated against each Plaintiff for asserting rights under the

10  FMLA, retaliated against each Plaintiff by taking adverse employment actions for Plaintiffs'

11  exercise of rights under the FMLA, interfered with their family medical leave, restrained

12  Plaintiffs' family medical leave, and disciplined and targeted each Plaintiffs' employment while

13  each Plaintiff was on FMLA leave and in direct retaliation for Plaintiff exercising his/her rights

14  under the FMLA and making internal complaints of FMLA violations. Defendant further failed

15  to post necessary FMLA information in the workplace and/or provide any FMLA training to

16  employees to explain their rights under the FMLA.

17      66.     As a direct, foreseeable and proximate result of Defendants actions and

18  inactions, Plaintiffs have suffered and continues to suffer substantial past and future economic

19  losses and other employment and economic benefits and opportunities and other consequential

20  and foreseeable damages and have suffered and continue to suffer humiliation, embarrassment,

21  mental and emotional distress, and discomfort, all to Plaintiffs damage in an amount in excess

22  of the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

23      67.     Because of Defendants conduct Plaintiffs were forced to retain attorneys to

24  prosecute this action. Pursuant to the provisions of California Government Code §12965(b),

25  Plaintiffs are entitled to reasonable attorney's fees and litigation expenses incurred in bringing

26  this action.

27      68.     As a further direct and proximate result of Defendants' conduct, Plaintiffs

28  seek interest, statutory damages, liquidated damages, equitable and/or injunctive relief, and any

    other relief that the Court deems fair and just.

- 12 -

### THIRD CLAIM FOR RELIEF
### FMLA/CFRA DISCRIMINATION
#### (Against Defendant COMERCA, and DOES 1 through 20)

69.     Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 68 of this Complaint. This claim is directed against Defendants COMERICA and Does 1 through 20 (collectively, "Defendants").

70.     Defendants engaged in the above-described actions with the intent to harass and discriminate against Plaintiffs because of their need for FMLA and/or CFRA medical leave. Defendants' conduct in denying and/or interfering with Plaintiffs' right to family medical leave is a violation of the 29 U.S.C. § 2601, et seq. and CFRA, Gov. Code § 12945.2(b)(2). Defendants' conduct and policies amounted to disparate treatment and had a disparate impact on Plaintiffs.

71.     As a direct, foreseeable and proximate result of Defendants' acts, Plaintiffs have suffered and continue to suffer substantial past and future economic losses and other employment and economic benefits and opportunities and other consequential and foreseeable damages and have suffered and continue to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiffs' damage in an amount in excess of the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

72.     Because of Defendants conduct Plaintiffs were forced to retain attorneys to prosecute this action. Pursuant to the provisions of California Government Code §12965(b), Plaintiffs are entitled to reasonable attorney's fees and litigation expenses incurred in bringing this action.

73.     Defendants maliciously, fraudulently and oppressively committed the alleged despicable acts with the wrongful intent to injure Plaintiffs. Defendants acted with an improper and evil motive, and in conscious disregard of Plaintiffs' rights. Because alleged acts were carried out by managerial employees acting in a deliberate, cold, callous and intentional manner, Plaintiffs are entitled to recover punitive damages from Defendants in an amount according to proof.

///
///
///

## FOURTH CLAIM FOR RELIEF
### RETALIATION
### (Against ALL Defendants)

74.    Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 73 of this Complaint. This claim is directed against ALL Defendants.

75.    California Government Code §§12940(h), 12926(m), and 12945.2 provide that it is unlawful employment practice for an employer or any other person to retaliate against an employee for engaging in a protected activity, for opposing an unlawful employment practice, filing a complaint of discrimination or harassment, or participating in a proceeding involving a claim of discriminatory treatment.

76.    By providing information to Defendants about their medical conditions and temporary inability to perform their duties, and requesting accommodation for their disability, Plaintiffs exercised their rights under CFRA and FEHA.

77.    By exercising their rights under FEHA and CFRA, Plaintiffs engaged in legally protected activity.

78.    At all times relevant, Plaintiffs performed their duties in satisfactory manner. In addition, at all times herein mentioned, California Government Code § 12940(h) was in full force and effect and was binding upon Defendant.

79.    Defendants were aware that Plaintiffs were suffering from a serious disability/medical condition. Still, they wrongfully terminated Plaintiffs in retaliation for exercising their rights under FMLA and/or CFRA.

80.    Termination of Plaintiffs' employment constituted an adverse employment action.

81.    Further, Defendant violated Government Code §§12940(h), 12926(m), and 12945.2 when they retaliated against each named Plaintiff in the terms and conditions of employment, took adverse employment actions against each Plaintiff for reporting and lodging complaints of discriminatory treatment in the workplace, and requesting that Defendant take immediate remedial measures and conduct fair and impartial investigation into discriminatory conduct on the part of supervisors and managers.

82.    As a direct, foreseeable and proximate result of Defendants' acts,

FIRST AMENDED COMPLAINT                                    CASE NO. CIV532321

1   Plaintiffs have suffered and continue to suffer substantial past and future economic losses and

2   other employment and economic benefits and opportunities and other consequential and

3   foreseeable damages and have suffered and continue to suffer humiliation, embarrassment,

4   mental and emotional distress, and discomfort, all to Plaintiffs' damage in an amount in excess

5   of the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

6       83.      Because of Defendants conduct Plaintiffs were forced to retain

7   attorneys to prosecute this action. Pursuant to the provisions of California Government Code

8   §12965(b), Plaintiffs are entitled to reasonable attorney's fees and litigation expenses incurred

9   in bringing this action.

10      84.      Defendants maliciously, fraudulently and oppressively committed the

11  alleged despicable acts with the wrongful intent to injure Plaintiffs. Defendants acted with an

12  improper and evil motive, and in conscious disregard of Plaintiffs' rights. Because alleged acts

13  were carried out by managerial employees and/or "managerial agents" acting in a deliberate,

14  cold, callous and intentional manner, Plaintiffs are entitled to recover punitive damages from

15  Defendants in an amount according to proof.

16                      **FIFTH CLAIM FOR RELIEF**
                **FAILURE TO PREVENT DISCRIMINATION/HARASSMENT**
17                **(Against Defendant COMERCA, and DOES 1 through 20)**

18

19      85.      Plaintiffs re-allege and incorporate by reference Paragraphs 1 through

20  84 of this Complaint. This claim is directed against Defendants COMERICA and Does 1

    through 20 (collectively, "Defendants").
21
        86.      California Government Code §12940(k) provides that it is an unlawful
22
    employment practice for an employer to fail to take all reasonable steps necessary to prevent
23
    discrimination, retaliation, and harassment from occurring at the workplace.
24
        87.      Defendants violated Government Code §12940(k) with regard to
25
    Plaintiffs when Defendants knowingly and recklessly created a hostile work environment for
26
    Plaintiffs on the basis of the disability/medical condition, failed to conduct reasonable and
27
    impartial investigation when they complained about discriminatory conduct on the part of
28

FIRST AMENDED COMPLAINT                                    CASE NO. CIV532321

1   supervisors and managers, and failed to take steps reasonably necessary to investigate the

2   misconduct and prevent it from occurring and continuing.

3       88.     Defendants knew or should have known of these discriminatory actions

4   because Plaintiffs complained to their respective managers, and because discriminatory actions

5   complained about were carried out by Defendants' management personnel.

6       89.     As a direct, foreseeable and proximate result of Defendants' acts,

7   Plaintiffs have suffered and continue to suffer substantial past and future economic losses and

8   other employment and economic benefits and opportunities and other consequential and

9   foreseeable damages and have suffered and continue to suffer humiliation, embarrassment,

10  mental and emotional distress, and discomfort, all to Plaintiffs' damage in an amount in excess

11  of the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

12      90.     Because of Defendants conduct Plaintiffs were forced to retained

13  attorneys to prosecute this action. Pursuant to the provisions of California Government Code

14  §12965(b), Plaintiffs are entitled to reasonable attorney's fees and litigation expenses incurred

15  in bringing this action.

16      91.     Defendants maliciously, fraudulently and oppressively committed the

17  alleged despicable acts with the wrongful intent to injure Plaintiffs. Defendants acted with an

18  improper and evil motive, and in conscious disregard of Plaintiffs' rights. Because alleged acts

19  were carried out by managerial employees acting in a deliberate, cold, callous and intentional

20  manner, Plaintiffs are entitled to recover punitive damages from Defendants in an amount

21  according to proof.

22                          SIXTH CLAIM FOR RELIEF
            WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
23                (Against Defendant COMERCA, and DOES 1 through 20))

24      92.     Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 91

25  of this Complaint. This claim is directed against Defendants COMERICA and Does 1 through

26  20 (collectively, "Defendants").

27      93.     During and after Plaintiffs disability leave, Defendants, through its

28

FIRST AMENDED COMPLAINT                                    CASE NO. CIV532321

1   supervisors/managers, engaged in negligent and intentional actions that resulted in Plaintiffs
2   being treated less favorably because of the medical condition(s), denied them timely interactive
3   process to accommodate their known disability/medical condition, and routinely denied
4   reasonable accommodations to their known disability/medical condition.

5       94.     Defendants knew or should have known of these discriminatory actions
6   because Plaintiffs complained to their respective managers, and because discriminatory actions
7   complained about were carried out by Defendants' management personnel.

8       95.     Defendants failed to take immediate and appropriate corrective action to
9   stop these discriminatory acts. Furthermore, Defendants failed to take all reasonable steps to
10  prevent such discrimination from occurring. Defendants' conduct violated Gov. Code
11  §12940(k).

12      96.     Defendants discriminated, harassed and retaliated against Plaintiffs on
13  (a) the basis of Plaintiffs' respective disability and medical conditions; (b) because Plaintiffs
14  complained on failure to accommodate their disability; and (c) because Plaintiffs complained
15  about denial of their rights under the FMLA and CFRA.

16      97.     Plaintiffs are informed and believe that there was a nexus (causal
17  connection) between the termination of their employment and (a) their protected status under
18  FMLA and CFRA, and/or (b) the assertion of rights under FMLACFRA, and/or (c) because they
19  complained of failure to accommodate their disabilities, each and all of which are matters of
20  public policy. See, Family Medical Leave Act, California Government Code §§12940 (h) (i) (j)
21  (k) (l), §12941, and California Family Rights Act, California Gov't Code §12945.2 et seq.

22      98.     Accordingly, the discharge of Plaintiffs was wrongful as it violated
23  public policy, California common law and Plaintiffs constitutional and statutory rights.

23      99.     As a direct, foreseeable and proximate result of Defendants' acts,
24  Plaintiffs have suffered and continues to suffer substantial past and future economic losses and
25  other employment and economic benefits and opportunities and other consequential and
26  foreseeable damages and have suffered and continue to suffer humiliation, embarrassment,
27  mental and emotional distress, and discomfort, all to Plaintiffs' damage in an amount in excess
28  of the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

- 17 -

100.      Because of Defendants conduct Plaintiffs were forced to retained attorneys to prosecute this action. Pursuant to the provisions of California Government Code §12965(b), Plaintiffs are entitled to reasonable attorney's fees and litigation expenses incurred in bringing this action.

101.      Defendants maliciously, fraudulently and oppressively committed the alleged despicable acts with the wrongful intent to injure Plaintiffs. Defendants acted with an improper and evil motive, and in conscious disregard of Plaintiffs' rights. Because alleged acts were carried out by managerial employees acting in a deliberate, cold, callous and intentional manner, Plaintiffs are entitled to recover punitive damages from Defendants in an amount according to proof.

## SEVENTH CLAIM FOR RELIEF
## CONSTRUCTTIVE WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (Against Defendant COMERCA, and DOES 1 through 20)

102.      Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 101 of this Complaint. This claim is directed against Defendants PACIFIC BELL/AT&T and Does 1 through 20 (collectively, "Defendants").

103.      During and after Plaintiffs disability leave, Defendants, through its supervisors/managers, engaged in negligent and intentional actions that resulted in Plaintiffs being treated less favorably because of the medical condition(s), denied them timely interactive process to accommodate their known disability/medical condition, and routinely denied reasonable accommodations to their known disability/medical condition.

104.      Defendants knew or should have known of these discriminatory actions because Plaintiffs complained to their respective managers, and because discriminatory actions complained about were carried out by Defendants' management personnel.

105.      Defendants failed to take immediate and appropriate corrective action to stop these discriminatory acts. Furthermore, Defendants failed to take all reasonable steps to prevent such discrimination from occurring. Defendants' conduct violated Gov. Code §12940(k).

106.      Defendants discriminated, harassed and retaliated against Plaintiffs on

- 18 -

(a) the basis of Plaintiffs' respective disability and medical conditions; (b) because Plaintiffs complained on failure to accommodate their disability; and (c) because Plaintiffs complained about denial of their rights under the FMLA and CFRA.

107.        Plaintiffs are informed and believe that there was a nexus (causal connection) between the adverse employment actions and (a) her protected status under FMLA and CFRA, and/or (b) the assertion of rights under FMLACFRA, and/or (c) because they complained of failure to accommodate their disabilities, each and all of which are matters of public policy. See, Family Medical Leave Act, California Government Code §§12940 (h) (i) (j) (k) (l), §12941, and California Family Rights Act, California Gov't Code §12945.2 et seq.

108.        Accordingly, Plaintiff's conditions of employment violated public policy, California common law and Plaintiff's constitutional and statutory rights.

109.        Such working conditions were so intolerable that a reasonable person in Plaintiff Moore's position would have had no reasonable alternative except to resign.

110.        Plaintiff Moore resigned because of these conditions of employment.

111.        As a direct, foreseeable and proximate result of Defendants' acts, Plaintiffs have suffered and continues to suffer substantial past and future economic losses and other employment and economic benefits and opportunities and other consequential and foreseeable damages and have suffered and continue to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiffs' damage in an amount in excess of the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

112.        Because of Defendants conduct Plaintiffs were forced to retained attorneys to prosecute this action. Pursuant to the provisions of California Government Code §12965(b), Plaintiffs are entitled to reasonable attorney's fees and litigation expenses incurred in bringing this action.

113.        Defendants maliciously, fraudulently and oppressively committed the alleged despicable acts with the wrongful intent to injure Plaintiffs. Defendants acted with an improper and evil motive, and in conscious disregard of Plaintiffs' rights. Because alleged acts were carried out by managerial employees acting in a deliberate, cold, callous and intentional

- 19 -

1   manner. Plaintiffs are entitled to recover punitive damages from Defendants in an amount
2   according to proof.
3
4               **EIGHTH CLAIM FOR RELIEF**
                **BUSINESS AND PROFESSIONS CODE SECTION 17200**
5               **(Against Defendants COMERICA and DOES 1 through 20)**

6       114.        Plaintiffs re-allege and incorporate by reference Paragraphs 1 through
7   113 of this Complaint. This claim is directed against Defendants COMERICA and Does 1
8   through 20 (collectively, "Defendants").

9       115.        Plaintiffs are members of the class of persons protected by the
10  provisions of Business and Professions Code Section 17200 et seq., including that Plaintiffs
11  suffered injury-in-fact and/or has lost money as a result of Defendants' conduct. Defendants,
    and Does 1 through 20, and each of them, were entities engaged in business practices in
12
    California and were and at all material times herein are subject to the requirements of Business
13
    and Professions Code Section 17200.
14
        116.        For the previous four years, Defendants engaged in the following
15  unlawful, unfair, and/or fraudulent business practices: (1) engaged in a pattern and practice of
16  discriminatory conduct against older and disabled employees; and (2) engaged in a pattern and
17  practice of discriminatory conduct, including failure of accommodations, against employees on
18  the basis of disability and/or medical condition. This conduct constitutes unfair, unlawful, and
19  fraudulent and deceptive business practices in violation of Business and Professions Code
20  Section 17200 et seq. As a result of Defendants' conduct, Plaintiffs are entitled to restitution
21  from Defendants in an amount according to proof at trial. Moreover, Plaintiffs seek equitable
22  and/or injunctive relief according to proof at trial.

23      117.        As a further and proximate result of the conduct of Defendants,
24  Plaintiffs have been obliged to expend and incur costs of suit, attorney's fees, and related
25  expenses in an amount to be proven at trial.
26  ///
27  ///
28  ///
    ///

- 20 -

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief and judgment against Defendants, and each of them, as follows:

      a.  For a money judgment representing compensatory damages including, but not limited to, lost wages, earnings, retirement benefits and other employee benefits, and all other sums of money, together with interest on these amounts, according to proof;

      b.  For an award of money judgment for mental pain and anguish and emotional distress, according to proof;

      c.  For an award of punitive damages, according to proof;

      d.  For costs of suit and attorney fees;

      e.  For prejudgment and post-judgment interest;

      f.  For any other relief that is just and proper;

      g.  For attorney's fees pursuant to California Labor Code, Cal. C.C.P. §1021.5 and Cal. Gov't. Code §12965(b).

DATED:  March 4, 2015

BY: _____
              Ilona Brusil

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

DATED:  March 4, 2015

BY _____
Ilona Brusil

FIRST AMENDED COMPLAINT                    CASE NO. CIV532321

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Ilona Brusil (SB#244723)<br>Tanya Gomerman (SB#271834)<br>Mikalai Hroshau (SB#279363)<br>601 Van Ness Ave., Suite #2052<br>San Francisco, CA 94102 | |

TELEPHONE NO: (415)775-1793    FAX NO: (415)660-1999
ATTORNEY FOR (Name): Sol Oquendo and Kenneth Edmonson

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Street
MAILING ADDRESS: 400 County Street
CITY AND ZIP CODE: Redwood City 94063
BRANCH NAME:

CASE NAME: Oquendo v. Comerica Bank

| CIVIL CASE COVER SHEET<br>X Unlimited    Limited<br>(Amount     (Amount<br>demanded     demanded is<br>exceeds $25,000)   $25,000 or less) | Complex Case Designation<br>  Counter     Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>CIV532321<br>JUDGE:<br>DEPT: |
|---|---|---|

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
|   Auto (22) |   Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
|   Uninsured motorist (46) |   Rule 3.740 collections (09) |   Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property |   Other collections (09) |   Construction defect (10) |
| Damage/Wrongful Death) Tort |   Insurance coverage (18) |   Mass tort (40) |
|   Asbestos (04) |   Other contract (37) |   Securities litigation (28) |
|   Product liability (24) | Real Property |   Environmental/Toxic tort (30) |
|   Medical malpractice (45) |   Eminent domain/Inverse |   Insurance coverage claims arising from the |
|   Other PI/PD/WD (23) |    condemnation (14) |   above listed provisionally complex case |
| Non-PI/PD/WD (Other) Tort |   Wrongful eviction (33) |   types (41) |
|   Business tort/unfair business practice (07) |   Other real property (26) | Enforcement of Judgment |
|   Civil rights (08) | Unlawful Detainer |   Enforcement of judgment (20) |
|   Defamation (13) |   Commercial (31) | Miscellaneous Civil Complaint |
|   Fraud (16) |   Residential (32) |   RICO (27) |
|   Intellectual property (19) |   Drugs (38) |   Other complaint (not specified above) (42) |
|   Professional negligence (25) | Judicial Review | Miscellaneous Civil Petition |
|   Other non-PI/PD/WD tort (35) |   Asset forfeiture (05) |   Partnership and corporate governance (21) |
| Employment |   Petition re: arbitration award (11) |   Other petition (not specified above) (43) |
| X Wrongful termination (36) |   Writ of mandate (02) | |
|   Other employment (15) |   Other judicial review (39) | |

2. This case   is  X is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a.   Large number of separately represented parties    d.   Large number of witnesses
  b.   Extensive motion practice raising difficult or novel  e.   Coordination with related actions pending in one or more courts
     issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
  c.   Substantial amount of documentary evidence    f.   Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a.  X monetary b.   nonmonetary; declaratory or injunctive relief c.  X punitive
4. Number of causes of action (specify): nine
5. This case   is  X is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 03/04/15

Ilona Brusil (SB#244723)
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice—Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

EXHIBIT C

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Ilona Brusil, 244723<br>Law Offices of Ilona Brusil<br>601 Van Ness Avenue Suite 2056<br>San Francisco, CA 94102<br>TELEPHONE NO· (415) 775-1793<br>ATTORNEY FOR *(Name)* Plaintiff | F I L E D<br>SAN MATEO COUNTY<br><br>MAR 1 6 2015<br><br>Clerk of the Superior Court<br>By _____<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, San Mateo County
400 County Center
Redwood City, CA 94063-1655

| PLAINTIFF/PETITIONER· Sol Oquendo, et al.<br><br>DEFENDANT/RESPONDENT· Comerica Bank, et al. | CASE NUMBER<br>CIV532321 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref No or File No<br>none |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of· First Amended Summons, First Amended Complaint for Damages, Civil Case Cover Sheet

By Fax

3. a. Party served. Comerica Bank, a Texas Corporation

   b Person Served. Corporate Creations Network - Loraine Carter - Person authorized to accept service of process
4. Address where the party was served  1430 Truxtun Ave, 5th FL
                                    Bakersfield, CA 93301

5. I served the party
   a  by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date) 3/9/2015      (2) at (time) 1 58 PM
6. The "Notice to the Person Served" (on the summons) was completed as follows
   d  on behalf of

Comerica Bank, a Texas Corporation

   under     CCP 416.10 (corporation)
7. Person who served papers
   a.  Name         Kimberly J Pelletier
   b  Address     One Legal - 194-Marin
                 504 Redwood Blvd #223
                 Novato, CA 94947

   c.  Telephone number: 415-491-0606
   d.  The fee for service was· $ 98 90
   e I am.
      (3)  registered California process server
         (i)  Employee or independent contractor
         (ii)  Registration No.· 371
         (iii) County. KERN

8  I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct
Date:  3/13/2015

                                            *Kimberly Pelletier*

        Kimberly J Pelletier
    (NAME OF PERSON WHO SERVED PAPERS)                        (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev Jan 1, 2007]                       **PROOF OF SERVICE OF SUMMONS**         Code of Civil Procedure, § 417 10

OL# 7377123

EXHIBIT D

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2     Including Professional Corporations
   JENNIFER G. REDMOND, Cal. Bar No. 144790
3  Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4109
4  Telephone:   415-434-9100
   Facsimile:   415-434-3947
5  E-Mail:      jredmond@sheppardmullin.com

6  Attorney for Defendants
   COMERICA BANK, CATHY HEDGES, and
7  JOHN FITZGERALD

8

9                    SUPERIOR COURT OF CALIFORNIA

10                   FOR THE COUNTY OF SAN MATEO

11
   SOL OQUENDO, an individual, and          Case No. CIV532321
12 KENNETH EDMONSON, an individual,
                                            **ANSWER TO FIRST AMENDED**
13              Plaintiffs,                  **COMPLAINT FOR DAMAGES**

14      v.                                   Complaint Filed: January 30, 2015

15 COMERICA BANK, a Texas Corporation;      First Amended Complaint Filed: March 5,
   CATHY HEDGES, an individual; JOHN        2015
16 FITZGERALD, an individual; and DOES
   1 through 20,                            Trial Date:          None Set.
17
                Defendants.
18

19      Defendants Comerica Bank, Cathy Hedges, and John Fitzgerald (collectively,

20 "Defendants") hereby answer the First Amended Complaint for Damages (the "FAC")

21 filed by Plaintiffs Sol Oquendo and Kenneth Edmonson (collectively, "Plaintiffs") as

22 follows:

23

24                          **GENERAL DENIAL**

25      1.      Pursuant to California Code of Civil Procedure section 431.30(d),

26 Defendants generally deny each and every allegation in Plaintiffs' FAC.

27      2.      Defendants further deny, generally and specifically, that Plaintiffs have been

28 damaged in the amount alleged, or in any other sum, or at all, by reason of any act,

                                         -1-
   SMRH:436904541.1                                              Answer to FAC

1  omission to act, conduct or liability on the part of Defendants, or on the part of any of

2  Defendants' agents, servants, employees, representatives or any other person or entity for

3  whose acts Defendants are responsible.

4  ## AFFIRMATIVE DEFENSES

5

6  ### FIRST AFFIRMATIVE DEFENSE

7  ### (Failure to State a Claim)

8  The FAC, and each purported cause of action alleged therein, is barred, in whole or

9  in part, because it fails to state facts sufficient to constitute a cause of action against

10  Defendants.

11

12  ### SECOND AFFIRMATIVE DEFENSE

13  ### (Statute of Limitations)

14  The FAC, and each purported cause of action alleged therein, is barred, in whole or

15  in part, by the applicable statute of limitations, including, but not limited to, California

16  Government Code sections 12940, 12960, and 12965, California Code of Civil Procedure

17  section 337, 338, 343, and California Business and Professions Code section 17208.

18

19  ### THIRD AFFIRMATIVE DEFENSE

20  ### (Unclean Hands/Estoppel/Laches/Acquiescence/Consent)

21  The FAC, and each purported cause of action alleged therein, is barred, in whole or

22  in part, by the doctrines of unclean hands, estoppel, laches, acquiescence and/or consent.

23

24  ### FOURTH AFFIRMATIVE DEFENSE

25  ### (Failure to Exhaust Administrative Remedies)

26  The FAC, and each purported cause of action alleged therein, is barred, in whole or

27  in part, because Plaintiffs have failed to exhaust his administrative remedies before filing

28  suit.

-2-

1    <u>**FIFTH AFFIRMATIVE DEFENSE**</u>

2    <u>**(Waiver)**</u>

3    The FAC, and each purported cause of action alleged therein, is barred, in whole or

4    in part, because Plaintiffs have engaged in conduct and activity sufficient to constitute a

5    waiver of any right to assert the claims upon which he now seeks relief.

6

7    <u>**SIXTH AFFIRMATIVE DEFENSE**</u>

8    <u>**(Award of Punitive Damages Unconstitutional—Due Process)**</u>

9    The FAC, and each purported cause of action alleged therein, is barred, in whole or

10   in part, because the claims for punitive damages, penalties, or for any form of damage

11   other than compensatory damages are barred by the Eighth Amendment, the Contract

12   Clause, and the Due Process Clause of the United States Constitution and corresponding

13   provisions of the California Constitution.

14

15   <u>**SEVENTH AFFIRMATIVE DEFENSE**</u>

16   <u>**(No Right to Attorneys' Fees)**</u>

17   Plaintiffs' purported causes of action in the FAC fail to state facts sufficient to

18   entitle Plaintiffs to an award of attorneys' fees in any amount.

19

20   <u>**EIGHTH AFFIRMATIVE DEFENSE**</u>

21   <u>**(Setoff, Offset, Recoupment)**</u>

22   Some or all of the purported causes of action in the FAC are subject to setoff, offset

23   and/or recoupment.

24

25   <u>**NINTH AFFIRMATIVE DEFENSE**</u>

26   <u>**(Failure to Mitigate)**</u>

27   The FAC, and each purported cause of action alleged therein, is barred, in whole or

28   in part, because if Plaintiffs have suffered any damages by reason of any acts, omissions,

-3-

1  or courses of conduct on the part of Defendants, all or part of the damages were caused by

2  or attributable to the failure of Plaintiffs to act reasonably or prudently to mitigate their

3  damages.

4

5                              **TENTH AFFIRMATIVE DEFENSE**

6                                  **(After-Acquired Evidence)**

7       The FAC, and each purported cause of action alleged therein, is barred, in whole or

8  in part, because in the event that Defendants discover any after-acquired evidence,

9  Plaintiffs' claims against Defendants and/or the relief sought by Plaintiffs against

10  Defendants would be barred by the doctrine of after-acquired evidence.

11

12                            **ELEVENTH AFFIRMATIVE DEFENSE**

13                                  **(Managerial Immunity)**

14      The acts or omissions of Defendants alleged to have caused damage to Plaintiffs

15  were privileged under the doctrine of managerial immunity.

16

17                            **TWELFTH AFFIRMATIVE DEFENSE**

18                            **(Bona Fide Occupational Qualification)**

19      Plaintiffs could not perform the duties of their position in a safe and efficient

20  manner because of their alleged disabilities, and the essence of Comerica Bank's business

21  operations would, therefore, be undermined if Comerica Bank were required to employ

22  Plaintiffs.

23

24                          **THIRTEENTH AFFIRMATIVE DEFENSE**

25                  **(No Reasonable Accommodation –Danger to Self or Others)**

26      Plaintiffs' performance in the job(s) would have created a danger to themselves

27  and/or dangers to others, and no reasonable accommodation could be made to remove or

28  reduce the danger.

-4-

1

### FOURTEENTH AFFIRMATIVE DEFENSE

2

#### (Undue Hardship)

3    Plaintiffs' claim for failure to accommodate any disability is barred because any

4    possible accommodation for Plaintiffs' alleged disabilities would have imposed an undue

5    hardship on Comerica Bank.

6

7

### FIFTEENTH AFFIRMATIVE DEFENSE

8

#### (Appropriate Remedial Action)

9    The FAC, and each purported cause of action alleged therein, is barred, in whole or

10    in part, because Comerica Bank took all reasonable steps to prevent alleged retaliation and

11    discrimination once Comerica Bank was made aware of Plaintiffs' complaints.

12

13

### SIXTEENTH AFFIRMATIVE DEFENSE

14

#### (Privilege)

15    Plaintiffs' FAC, and each and every cause of action asserted therein, is barred for

16    the reason that each and every act of Defendants was a good faith exercise of Defendants'

17    rights and, therefore, was privileged under the law.

18

19

### SEVENTEENTH AFFIRMATIVE DEFENSE

20

#### (Failure to Allege Unlawful Practice)

21    Plaintiffs' purported Eighth Cause of Action in the FAC fails to state a cause of

22    action based on an "unlawful" business practice because Plaintiffs have not alleged, and

23    cannot establish, that Defendants violated a law.

24

25

26

27

28

1

## EIGHTEENTH AFFIRMATIVE DEFENSE

2

### (Failure to Allege Unfair Practice)

3      Plaintiffs' purported Eighth Cause of Action in the FAC fails to state a cause of

4   action based on an "unfair" business practice because Plaintiffs have not alleged, and

5   cannot establish, such conduct.

6

7

## NINETEENTH AFFIRMATIVE DEFENSE

8

### (Lack of Specificity)

9      The Eighth Cause of Action in the FAC is barred, in whole or in part, because it

10  fails to plead specific facts capable of stating a claim for unfair business practices.

11

12

## TWENTIETH AFFIRMATIVE DEFENSE

13

### (Legitimate Business Purpose)

14     The FAC, and each purported cause of action alleged therein, is barred, in whole or

15  in part, because Defendants cannot be liable for any alleged violation of California

16  Business and Professions Code sections 17200 et seq. because any such action, conduct,

17  and/or dealings with Plaintiffs, if any, were lawful, and were carried out in good faith and

18  for legitimate business and economic considerations.

19

20

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21

### (Safe Harbor)

22     Plaintiffs' cause of action based upon California Business and Professions Code

23  sections 17200, et seq. is barred because the conduct alleged falls within a safe harbor.

24

25

## TWENTY-SECOND AFFIRMATIVE DEFENSE

26

### (Taking)

27     Plaintiffs allege any award of restitution and/or disgorgement against Defendants

28  pursuant to Business and Professions Code section 17200, et seq. would constitute a taking

-6-

1  of property without just compensation in violation of the Takings Clause of the Fifth

2  Amendment to the United States Constitution (as incorporated by the Due Process Clause

3  of the Fourteenth Amendment of the United States Constitution) and Article I, Section 19

4  of the California Constitution.

5

6                    **TWENTY-THIRD AFFIRMATIVE DEFENSE**

7                          **(No Predicate Violation of Law)**

8          Plaintiffs cannot establish a predicate violation of law by Defendants sufficient to

9  maintain a cause of action pursuant to Business and Professions Code section 17200, et

10 seq.  Further, Plaintiffs' claims for violation of Business and Professions Code section

11 17200, et seq. are barred to the extent they are based upon the purported violation of a

12 statute or regulation that is of purely regulatory import, or otherwise does not define

13 "unlawful" conduct.

14

15                   **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

16                     **(Improper Expansion of Judicial Powers)**

17         Defendants alleges that the FAC seeks to apply California Business and Professions

18 Code section 17200, et seq. in a manner that would impermissibly enlarge the powers of

19 the judiciary, in contravention of the Due Process Clause of Article I, Section 7 of the

20 California Constitution, the separation of powers doctrine and the provisions of Article VI

21 of the California Constitution vesting the State's judicial power in the judicial branch, and

22 by purporting to expand the Court's jurisdiction to include the power to order a defendant

23 to pay restitution for injuries allegedly suffered by non-parties.

24

25

26

27

28

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Arbitration)

The FAC, and each purported cause of action alleged therein, is barred, in whole or in part, because they are subject to the terms of a pre-dispute arbitration agreement entered into by Plaintiffs.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

Any recovery on the FAC is barred in whole or in part because Comerica Bank took reasonable steps to prevent and correct workplace harassment, discrimination, and retaliation, Plaintiffs unreasonably failed to use the preventive and corrective measures that Comerica Bank provided, and the reasonable use of Comerica Bank's procedures would have prevented some or all of the harm that Plaintiffs allegedly suffered.

## TWENTY-SEVENTHSEVENTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

Plaintiffs' claimed damages against Defendants are speculative, and Plaintiffs are barred from asserting any such damages against Defendants.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Preemption – Workers' Compensation)

The FAC, in whole or in part, is barred because the exclusive remedy for the damages asserted by Plaintiffs is provided by the California Workers' Compensation Act, California Labor Code section 3200, *et seq.*

SMRH:436904541.1                                                    Answer to FAC

**RESERVATION OF RIGHT TO AMEND ANSWER**

Defendants hereby give notice that he intends to rely on such other and further defenses as may become available during discovery in this action and reserve the right to amend his Answer to assert any such defense.

**REQUEST FOR RELIEF**

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiffs be granted no relief in this action against Defendants;

2.    That Plaintiffs' FAC and each claim for relief against Defendants be dismissed with prejudice or that judgment be entered in favor of Defendants;

3.    That Defendants recover the costs of suit incurred herein, including attorneys' fees; and

4.    For such other and further relief as this Court deems just and proper.


Dated:  April 6, 2015

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By _____
                        Jennifer G. Redmond

SHEPPARD MULLIN RICHTER AND
HAMPTON, LLP
Attorney for Defendants
COMERICA BANK, CATHY HEDGES, and
JOHN FITZGERALD

SMRH:436904541.1                                        Answer to FAC

1  **PROOF OF SERVICE**

2  **STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

3    At the time of service, I was over 18 years of age and not a party to this action. I am
employed in the County of San Francisco, State of California. My business address is Four
4  Embarcadero Center, 17th Floor, San Francisco, CA 94111-4109.

5    On April 6, 2015, I served true copies of the following document(s) described as
**ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES** on the interested parties
6  in this action as follows:

7  Ilona Brusil, Esq.
Tanya Gomerman, Esq.
8  Mikalai Hroshau, Esq.
601 Van Ness Avenue, Suite 2052
9  San Francisco, CA 94102
Tel: (415) 775-1793
10  Fax: (415) 660-1999

11

12    **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the
persons at the addresses listed in the Service List and placed the envelope for collection and
mailing, following our ordinary business practices. I am readily familiar with the practice of
13  Sheppard, Mullin, Richter & Hampton LLP for collecting and processing correspondence for
mailing. On the same day that correspondence is placed for collection and mailing, it is deposited
14  in the ordinary course of business with the United States Postal Service, in a sealed envelope with
postage fully prepaid. I am a resident or employed in the county where the mailing occurred.
15

16    I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

17    Executed on April 6, 2015, at San Francisco, California.

18

19

         Iris Leal
20

21

22

23

24

25

26

27

28

1